**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Miguel RODRIGUEZ, Defendant-
Appellant.**

**No. 72-1529.**

United States Court of Appeals,
Fifth Circuit.

Jan. 30, 1973.

Rehearing Denied April 4, 1973.

See also, D.C., 336 F.Supp. 708.

588

Louis Stoskopf, Martin S. Saxon, Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Mervyn L. Ames, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before RIVES, WISDOM and RONEY, Circuit Judges.

RONEY, Circuit Judge:

In this appeal of a narcotics conviction, three questions have been raised Was the evidence sufficient to convict the defendant despite an entrapment defense? Was evidence of a subsequent, similar transaction admissible? Did the trial court's refusal to order the Government to subpoena an informer witness and to permit defendant to testify to conversations with this witness deprive defendant of a fair trial?

, Miguel Rodriguez met a Special Agent of the Bureau of Narcotics and Dangerous Drugs and a Government informer, Eduardo Malpica, on September 7, 1971, in downtown Miami, Florida. Arrangements were made for the agent to purchase cocaine from Rodriguez the following day. On September 8th, the agent first extracted from a package under the seat of Rodriguez' car a sample of cocaine and later paid defendant $1,500 and took the package.

After a non-jury trial, defendant was convicted of two narcotics offenses, possession of cocaine with intent to distribute and distribution of cocaine, both in violation of 21 U.S.C.A. § 841(a)(1). He was sentenced to concurrent imprisonment for four years on each count. We affirm.

### Entrapment

Defendant asserts entrapment as a matter of law and as a matter of fact and contests the sufficiency of the Government's evidence to refute entrapment.

■ *Alleging entrapment at law,* defendant shows that the cocaine in question was part of two kilos of cocaine furnished his brother, Mario Rodriguez, by a Government informer named Juan Mesa. The Government admits that this was apparently the source of defendant's supply. Defendant argues that the Government thus furnished itself narcotics through an intermediary, as proscribed

in United States v. Bueno, 447 F.2d 903 (5th Cir. 1971).

The rationale of *Bueno,* however, will not support the defense in this case. In *Bueno,* we held that entrapment at law is established when the Government furnishes narcotics to an individual for him to sell to a Government agent. The crime in *Bueno* was committed through the creative activity of theGovernment informer in buying the heroin, smuggling it into the United States from Mexico, giving it to Bueno, selecting the prospective purchaser, and arranging for the defendant to make the sale. No such Government participation was involved in the sale made by Rodriguez. *Bueno* will not support the theory that the introduction of narcotics into the marketplace by the Government informer is sufficient to cloak all subsequent sellers with an entrapment defense. Being once removed from the person to whom the cocaine was furnished by a Government informer, Rodriguez cannot claim entrapment as a matter of law. He obtained the contraband from a non-government source, and that fact alone is sufficient to distinguish his defense from Bueno's.

▮ Defendant makes an alternate contention that the evidence showed that· he received the cocaine from the informer, Malpica, instead of his brother, so that the *Bueno* rule could properly be extended to this case, but this issue of fact was resolved against defendant on contrary testimony.

*Alleging entrapment as a matter of fact,* defendant charges that the Government informer, Malpica, induced him to participate in this transaction. Once a defendant raises the entrapment issue with some evidentiary support, the burden of going forward with the evidence shifts to the Government to contradict the evidence. United States v. Groessel, 440 F.2d 602 (5th Cir. 1971), cert. denied, 403 U.S. 933, 91 S.Ct. 2263, 29 L. Ed.2d 713.

▮ We conclude that the Government has met its burden. The evidence established that defendant was a dealer in narcotics and had dealt in considerable quantities of cocaine. No evidence supports the conjecture that Malpica here implanted the scheme in defendant's mind. The Supreme Court, in Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932), said that, in determining the validity of an entrapment defense, "the controlling question [is] whether the defendant is a person otherwise innocent whom the government is seeking to punish for an alleged offense which is the product of the creative activity of its own officials." 287 U.S. at 451, 53 S.Ct. at 216. We do not discern in the activities of the Government informer and agent sufficient creativity to meet this standard. At most, the Government merely provided an opportunity for Rodriguez to commit the offense.

Defendant testified that he never touched the package of cocaine, but that the Government informer, Malpica, actually obtained the cocaine from Mario Rodriguez and sold it to the agent. To refute this evidence, the Government presented testimony that the informer and agent both got into defendant's car at his invitation, that defendant told the agent to get the package of cocaine from under the seat on both occasions, and defendant both accepted and retained the payment. The trial court's guilty verdict resolved this issue of fact against defendant.

### Admissibility of Subsequent, Similar Transaction

Defendant contends that the admission into evidence of testimony pertaining to a subsequent, similar transaction was both erroneous and sufficiently prejudicial to warrant reversal. The testimony involved a sale of cocaine by Rodriguez on September 27, 1971, twenty days after the date of the offense charged.

The Court refused to permit the Government to introduce this evidence in its case in chief. But when the defendant

testified in his own behalf, the Court allowed cross-examination as to a meeting between Government agents and the defendant on September 27, 1971. Defendant denied that cocaine was discussed at that meeting. Government agents then testified that a small amount of cocaine was passed from defendant to a Government agent at that time.

Although defendant grants that such testimony concerning prior and contemporary criminal acts may be admitted, he raises the critical question regarding the admissibility of evidence of acts which occurred subsequent to the dates in the indictment.

The Government, relying on United States v. Pittman, 439 F.2d 906 (5th Cir. 1971), cert. denied, 404 U.S. 842, 92 S.Ct. 138, 30 L.Ed.2d 77 and United States v. Cooper, 321 F.2d 456 (6th Cir. 1963), argues that this evidence is admissible to impeach the defendant, to rebut the entrapment defense, and to corroborate the offense charged in the indictment. It does not contend that the evidence is admissible to prove intent in this case. *See* United States v. Johnson, 453 F.2d 1195 (5th Cir. 1972).

Although it is true that *Cooper* involved corroborative acts which occurred prior to that charged in the indictment and *Pittman* involved acts which occurred between the dates of the two separate acts charged in the indictment, our review of the cases and the rationale for the admission of the evidence does not indicate that the sequence of events should be crucial. This Court, in *Pittman,* relied on Rodriguez v. United States, 284 F.2d 863 (5th Cir. 1960), cert. denied, 368 U.S. 1001, 82 S.Ct. 632, 7 L.Ed.2d 540 (1962), to hold that "evidence of an extraneous offense is admissible when it corroborates the offense charged, otherwise than by simply imputing to the defendant a general disposition to commit offenses of that type." 439 F.2d at 909. Testimony regarding the intermediate transaction was held to corroborate the offense charged because it showed that, during the time period spanned by the indictment, the defendants possessed narcotic drugs on their premises and trusted the Government informer sufficiently to sell them to him.

*Cooper,* moreover, is authority for the proposition that, in a narcotics case when the entrapment defense is raised, evidence of defendant's other similar criminal acts, ordinarily not admissible if not charged in the indictment, are admissible to prove predisposition to commit the offense charged. There the Court explained that sales of narcotics just a few weeks before the offenses charged "would certainly seem to be related or similar acts and indicate a predisposition to commit the offenses." 321 F.2d at 458.

█ █ The primary thrust of these authorities is that evidence of a similar offense, committed in close proximity of time, may be corroborative of a prior or subsequent offense. Although evidence introduced in a criminal trial generally should relate only to the specific offense charged, prior or subsequent incidents may be introduced to establish that a defendant possessed a requisite knowledge or that there is a consistent pattern, scheme of operations, or similarity of method. United States v. Goodwin and Nail, 470 F.2d 893 (5th Cir. 1972). The balancing between the probative value of such evidence and any prejudice that may result from its admission is left within the sound discretion of the trial judge. *See, e. g.,* United States v. Byrd, 352 F.2d 570 (2d Cir. 1965). The elements which control the admissibility of the subsequent act in this case are the similar nature and close proximity of the two events.

█ Our reading of the instant record has convinced us that, in light of defendant's entrapment defense, no abuse of discretion was committed when the trial judge admitted evidence of a subsequent, similar transaction.

### Absent Informer

█ █ Defendant's third argument is that the lower court erred in denying

him the opportunity to subpoena the informer, Malpica, to testify on the entrapment issue and in sustaining objections to defendant's questions regarding his conversations with this informer. A review of the record indicates that issuance of a subpoena would have been futile because Malpica could not be located and that the rulings on the defendant's testimony were not reversible, if error at all.

Affirmed.