**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Joseph T. McGRATH, Defendant-Appellant.**

**No. 71-1791.**

United States Court of Appeals, Seventh Circuit.

Feb. 26, 1974.

563

William J. Nellis, Chicago, Ill., for defendant-appellant.

James R. Thompson, U. S. Atty., Dan K. Webb, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before SWYGERT, Chief Judge, and FAIRCHILD and STEVENS, Circuit Judges.

PER CURIAM.

The court has reconsidered this appeal in accordance with the mandate of the Supreme Court of the United States, 412 U.S. 936, 93 S.Ct. 2769, 37 L.Ed.2d 395 (1973), vacating our judgment reported at 468 F.2d 1027 (7th Cir. 1972), and remanding for consideration in light of United States v. Russell, 411 U.S. 423, 93 S.Ct. 1637, 36 L. Ed.2d 366 (1973). We conclude after reading the record, briefs, and supplemental briefs that United States v. Russell is the controlling law in this appeal and that the defense of entrapment was not available to McGrath. We also conclude that the government agents' involvement here does not amount to the type of outrageous conduct, "shocking to the universal sense of justice," which *Russell* suggests might preclude prosecu-

tion on due process principles. See 411 U.S. at 431–432, 93 S.Ct. at 1643. We accordingly affirm the conviction as to both counts.*

---

* We previously dealt with defendant's challenges based on suppression of the incriminating sales receipts and the excessive sentence in the context of the affirmance of the conspiracy count. See n. 2 of our original opinion. 468 F.2d at 1031. The refusal to suppress the incriminating sales receipts was also harmless error, assuming *arguendo* that it was error, in the context of the substantive offense. We also hold that the district judge did not abuse his discretion under the circumstances of this case in sentencing defendant to a seven years prison sentence to run concurrently with the three years sentence on the conspiracy count that we previously affirmed. Finally, we reject defendant's unsupported contention that the indictment should have been dismissed due to the grand jury's failure to identify David Leo Binns as a named co-conspirator.