### UNITED STATES of America, Appellee,

v.

### Charles HAMPTON, also known as Michael Byers, Appellant.

### No. 74-1416.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 15, 1974.

Decided Dec. 11, 1974.

Certiorari Granted March 31, 1975. See 95 S.Ct. 1445.

---

David A. Lang, St. Louis, Mo., for appellant.

Frederick J. Dana, Sp. Atty. in Charge, U. S. Dept. of Justice, St. Louis, Mo., for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

BRIGHT, Circuit Judge.

Charles Hampton stands convicted after a jury trial on two counts of distribution of heroin in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Hampton to five years' imprisonment and a three-year parole term on each count, to be served concurrently, but suspended the prison sentence and placed him on probation for five years. Hampton brings this appeal. We affirm the conviction.

Hampton raises two errors on appeal: (1) The trial court erred in refusing to give defendant's special instruction on entrapment, i. e., if the Government in fact provided Hampton with the heroin in question by its informer, the policy of the law forbids conviction,[1] and

---

1. Appellant requested the following special instruction:

The defendant asserts that he was a victim of entrapment as to the crimes charged in the indictment.

If you find that the defendant's sales of narcotics were sales of narcotics supplied to him by an informer in the employ of or

acting on behalf of the government, then you must acquit the defendant because the law as a matter of policy forbids his conviction in such a case.

Furthermore, under this particular defense, you need not consider the predisposition of the defendant to commit the offenses charged, because if the governmen-

(2) the trial court erred in permitting a special agent of the drug enforcement administration to state that the substance which had been obtained from defendant "contained heroin."

## I.

We turn first to the entrapment defense as it is presented to us on this appeal. Hampton and the Government's informer, one Jules Hutton, became pool-playing friends in St. Louis. According to Hampton, he (Hampton) proposed a plan for selling a "pollutant" —a non-narcotic compound closely resembling heroin in appearance—to gullible acquaintances of Hutton. Hampton testified that the plan was carried out. Informer-Hutton supplied Hampton with packets containing alleged pollutants rather than narcotics and Hampton effected two sales to friends of Hutton. These friends turned out to be federal narcotics agents. The alleged pollutant turned out to be genuine heroin.

Hutton, as a Government witness, testified that Hampton had initiated the idea of selling heroin. He specifically denied giving Hampton the substances that Hampton sold to Government agents.

On this appeal, appellant makes the following statement of his entitlement to the special entrapment instruction:

[That request] is based on what has been termed the "Government Conduct Theory" of entrapment which has its origins in the separate opinion of Mr. Justice Roberts for himself and two other Justices in Sorrells v. United States, 287 U.S. 435 [53 S.Ct. 210, 77 L.Ed. 413] (1932) and the concurring opinion of Mr. Justice Frankfurter, for himself and three other Justices, in Sherman v. United States, 356 U.S. 369 [78 S.Ct. 819, 2 L.Ed.2d 848] (1958).

Appellant recognizes that the Supreme Court has recently rejected a "Govern-

ment conduct" theory of entrapment in United States v. Russell, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973), but he nevertheless argues that such a theory may represent a proper basis for an entrapment defense where, as here, the defendant's version of the evidence discloses that the Government supplied the contraband without which there would be no crime.

In United States v. Russell, *supra,* an undercover narcotics agent supplied essential ingredients needed in the manufacture of an illegal drug, methamphetamine ("speed"). Russell and his co-defendants were charged with unlawful manufacture, processing, and sale of that drug. Russell offered a defense of entrapment as a matter of law. He was convicted upon a jury trial. On appeal, the Ninth Circuit reversed the conviction for "an intolerable degree of governmental participation in the criminal enterprise." United States v. Russell, 459 F.2d 671, 673 (9th Cir. 1972). The Supreme Court on writ of certiorari reversed and, in doing so, reaffirmed that the entrapment defense focuses essentially "on the intent or predisposition of the defendant to commit the crime." United States v. Russell, 411 U.S. at 429, 93 S.Ct. at 1641.

The respondent-Russell contended that the Ninth Circuit had properly expanded the traditional notion of entrapment to require dismissal because of the extensive Government participation in perpetrating the alleged crime. Russell rested his claim on two theories: (a) that entrapment exists whenever the Government supplies contraband to the defendants [2] or (b) that entrapment exists when a Government investigator becomes enmeshed in criminal activity to such a degree that prosecution of the defendants is repugnant to the American criminal justice system.[3] The Court rejected these theories in *Russell* and refused to set aside the theory of the en-

tal involvement through its informer reached the point that I have just defined in your own minds, then the predisposition of the defendant would not matter.

2. *See* United States v. Bueno, 447 F.2d 903 (5th Cir. 1971) ; United States v. Chisum, 312 F.Supp. 1307 (C.D.Cal.1970).

3. *See* Greene v. United States, 454 F.2d 783 (9th Cir. 1971).

trapment defense as based solely on predisposition and as explicated in the majority opinions in Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932), and Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958).

Justice Rehnquist, speaking for the majority in *Russell,* said:

This Court's opinions in Sorrells v. United States, *supra,* and Sherman v. United States, *supra,* held that the principal element in the defense of entrapment was the defendant's predisposition to commit the crime. Respondent conceded in the Court of Appeals, as well he might, "that he may have harbored a predisposition to commit the charged offenses." 459 F.2d, at 672. Yet he argues that the jury's refusal to find entrapment under the charge submitted to it by the trial court should be overturned and the views of Justices Roberts and Frankfurter, in *Sorrells* and *Sherman,* respectively, which make the essential element of the defense turn on the type and degree of governmental conduct, be adopted as the law.

We decline to overrule these cases. *Sorrells* is a precedent of long standing that has already been once reexamined in *Sherman* and implicitly there reaffirmed. [411 U.S. at 433, 93 S.Ct. at 1643.]

█ We believe that the Supreme Court's opinion in Russell forecloses us from considering any theory other than predisposition with respect to Hampton's entrapment defense.

We recognize that the Fifth Circuit in United States v. Bueno, 447 F.2d 903 (1971), held that entrapment is established as a matter of law to a charge of possessing or distributing contraband where such contraband was supplied to the defendant by a Government agent or a paid informer. In that circuit the following rules are applied: (1) Where the Government does not rebut defendant's testimony that an informer in the employ of the Government furnished the defendant the contraband, entrapment as a matter of law is established. United States v. Bueno, *supra,* 447 F. 2d at 906. (2) Where the Government disputes that a Government agent or informer has furnished the contraband to the defendant, the issue is left to the jury under a special instruction to the effect that in order to convict "the jury must find beyond a reasonable doubt that the defendant did not obtain the contraband in question from the undercover agent." United States v. Mosley, 496 F.2d 1012, at 1015 (5th Cir. 1974). *See* United States v. Oquendo, 490 F.2d 161 (5th Cir. 1974). The Fifth Circuit believes that its rulings pertaining to entrapment have not been eroded by the Supreme Court decision in *Russell.* United States v. Oquendo, *supra,* 490 F.2d at 163.

Prior to the decision in *Russell,* the Seventh Circuit, in common with the Fifth Circuit, had applied the entrapment defense in a case of extensive Government participation in the crime. It held entrapment applicable to a defendant charged with counterfeiting when the evidence disclosed that federal agents participated in the scheme to the extent of arranging for and supervising the actual printing of counterfeit bills, and also determining how and when those bills would be delivered to the defendant. United States v. McGrath, 468 F.2d 1027 (7th Cir. 1972). The Supreme Court granted certiorari, vacated the judgment, and remanded for reconsideration in light of United States v. Russell. United States v. McGrath, 412 U.S. 936, 93 S.Ct. 2769, 37 L.Ed.2d 395 (1973). On remand, the Seventh Circuit applied *Russell* as controlling law on appeal and held that the defense of entrapment was not available to the defendant. The court added: "We also conclude that the government agents' involvement here does not amount to the type of outrageous conduct, 'shocking to the universal sense of justice,' which *Russell* suggests might preclude prosecution on due process principles." Unit-

ed States v. McGrath, 494 F.2d 562, 563 (7th Cir. 1974).

■■ In the present case, even under the theory offered by Hampton, Hampton made sales to third parties of substances which he represented as heroin. In light of the Supreme Court's decision in *Russell*, and the Seventh Circuit's decision in *McGrath*, we do not think that the extent of Government participation in the commission of the crime, under the facts claimed by Hampton, warrants an entrapment defense based upon Government conduct, apart from defendant's predisposition.

We believe this is a case where classic entrapment principles as explicated in *Russell, Sherman*, and *Sorrells* should apply, for even under Hampton's testimony, Hampton carried out the crucial acts of selling the heroin substantially on his own.[4] The district court, however, gave no instruction whatsoever on entrapment. Appellant has not urged the failure to give the standard entrapment instruction as error, conceding on oral argument the existence of predisposition in this case. Thus, in this appeal we are not called upon to determine whether the trial court erred in failing to give an entrapment instruction different from that which Hampton requested.[5]

## II.

■ We have reviewed the record relating to testimony by Government agent James D. McDowell in which the agent described the substance delivered to him by Hampton as containing heroin. The trial court properly overruled the objection to the testimony for lack of foundation and hearsay. Agent McDowell related an extensive background of experience in training and performing field tests to determine the presence of heroin in a substance suspected of containing contraband. McDowell described the chemical test performed and the chemical reaction obtained from the test. From this reaction, he concluded that the tested substance contained heroin. Clearly, the trial court required the Government to lay an adequate foundation for McDowell's expert testimony, which was defined and limited in scope. His opinion thereafter was properly received into evidence. We find no error. United States v. Atkins, 473 F.2d 308, 313–314 (8th Cir.), cert. denied, 412 U.S. 931, 93 S.Ct. 2751, 37 L. Ed.2d 160 (1973).

Affirmed.

HEANEY, Circuit Judge (dissenting).

I would have this Circuit adopt the Fifth Circuit rule that entrapment is established as a matter of law to a charge of possessing contraband or distributing contraband to a government agent, where such contraband was supplied to the defendant by a government agent, including a paid informer. *See* United States v. Oquendo, 490 F.2d 161, 162–164 (5th Cir. 1974); United States

---

4. Here, the jury in effect rejected Hampton's factual predicate for an entrapment defense based either upon a theory of Government conduct or upon a theory of lack of predisposition. Such defense would rest solely on Hampton's testimony. The court submitted the question of Hampton's intent to the jury. Hampton testified that he lacked criminal intent because Hutton had supplied a substance which the latter had represented as a pollutant. Hutton disputed that version of the facts. The jury, by returning a guilty verdict, necessarily accepted Hutton's testimony and rejected that of Hampton, and, in effect, rejected any basis for an entrapment defense.

5. Appellant's counsel on appeal, who was also counsel at trial, has made it very clear that he does not seek a new trial for Hampton on the basis of any error in the failure to give the standard entrapment instruction, but only for failure by the trial court to give the special instruction requested during the trial. In light of defendant's concession on oral argument that predisposition existed, a standard entrapment instruction would not have materially assisted Hampton in his defense. We note that the trial court has dealt leniently with Hampton. While imposing five-year prison sentences to be served concurrently, the court has stayed the imposition of the sentences and placed Hampton on probation while he serves a prison term under a North Carolina state conviction for armed robbery. Consequently, the failure to give any entrapment instruction will not be deemed error here.

v. Bueno, 447 F.2d 903 (5th Cir. 1971). Since the government here came forward with sufficient evidence contradicting the defendant's allegations, the jury ought to have been instructed that it must find beyond a reasonable doubt that the defendant did not obtain the contraband from the government agent. Accordingly, I would reverse and remand for a new trial.

I cannot agree with the majority that the Supreme Court's opinion in United States v. Russell, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973), "forecloses us from considering any theory other than predisposition." For that case explicitly acknowledged that there may be cases where government conduct is "so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction." *Id.* at 431–432, 93 S.Ct. at 1643. Predisposition is emphatically not a bar to the invocation of this due process defense.

On the contrary, I agree with the Fifth Circuit that the *Bueno* rule survives *Russell* because that rule is aimed precisely at the outrageous situation where

> * * * the government buy[s] heroin from itself, through an intermediary, the defendant, and then charg[es] him with the crime. * * *

United States v. Bueno, *supra,* 447 F.2d at 905.

To hold, as the majority seems to say, that *Russell* emasculated *Bueno,* is to overlook the fact that the *Russell* Court specifically noted that the facts in *Russell* did not fall within the *Bueno* rationale because the chemical supplied to defendant Russell was not itself contraband. United States v. Russell, *supra,* 411 U.S. at 432, 93 S.Ct. 1637.

Not even the Supreme Court has focused so rigidly and exclusively on predisposition as this Court does today. In the future, it is difficult to see how any defendant in this Circuit can possibly raise the due process defense which the *Russell* Court sought to leave open. I respectfully dissent.