**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John Samuel PUMA, Terrence Timothy Culkin, Ralph Thomas Gargiulo and Anthony Joseph Dagostino, Defendants-Appellants.**

**No. 76–2817**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Jan. 12, 1977.

Rehearing and Rehearing En Banc Denied Feb. 9, 1977.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

Jack R. Blumenfeld, Miami, Fla., for Puma.

Michael B. Pollack, New York City, for Culkin.

Robert C. Josefsberg, Miami, Fla. (court-appointed), for Gargiulo.

Robert W. Rust, U.S. Atty., Bruce E. Wagner, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.

Before WISDOM, GEE and TJOFLAT, Circuit Judges.

PER CURIAM:

The four appellants were convicted after a bench trial of conspiring to possess and distribute a controlled substance in violation of 21 U.S.C. § 846 (1970). Their main contention on appeal is that the trial judge should have found entrapment as a matter of law under the doctrine of *United States v. Bueno,* 447 F.2d 903 (5th Cir. 1971), *cert. denied,* 411 U.S. 949, 93 S.Ct. 1931, 36 L.Ed.2d 411 (1973). We find *Bueno* inapplicable and affirm.

Evidence was presented at trial to show that Drug Enforcement Agency (DEA) agents correctly suspected that Cohen, the president of a pharmaceutical manufacturing company, had bought abnormally large amounts of a certain chemical substance in order to make and illegally sell the controlled substance methaqualone. In exchange for non-prosecution, Cohen agreed to notify the DEA if he was further contacted concerning the illegal sale and manufacture of methaqualone pills.

Cohen was approached shortly thereafter by the appellant Gargiulo, with whom Cohen had previously done business. Detailed arrangements were made for another illegal transaction, and it soon became apparent that Gargiulo was acting in a representative capacity, for himself as well as others. The plot went well and the trap was sprung when the appellants exchanged a leather bag containing over $60,000 for imitation pills supplied by DEA.

That the appellants were predisposed unlawfully to conspire cannot be seriously challenged. They assert, however, that the *Bueno* rule must be applied. *Bueno* involved a defendant convicted of the substantive counts of possession, handling and sale of narcotic substances. *See* 26 U.S.C. § 4705 (1970); 21 *id.* § 174. We held that entrapment exists as a matter of law where a defendant sells contraband to one Government agent that has been furnished to him for distribution purposes by another Government agent or informer. 447 F.2d at 905–06. *See also United States v. Long,* 533 F.2d 505 (9th Cir.), *cert. denied,* —— U.S. ——, 97 S.Ct. 88, 50 L.Ed.2d 92 (1976); *United States v. West,* 511 F.2d 1083 (3d Cir. 1975); *United States v. Gomez-Rojas,* 507 F.2d 1213 (5th Cir.) *cert. denied,* 423 U.S. 826, 96 S.Ct. 41, 46 L.Ed.2d 42 (1975); *United States v. Soto,* 504 F.2d 557 (5th Cir. 1974); *United States v. Mosley,* 496 F.2d 1012 (5th Cir. 1974); *United States v. Oquendo,* 490 F.2d 161 (5th Cir. 1974). *But*

**510**

see *United States v. Jett,* 491 F.2d 1078 (1st Cir. 1975).

Without discussing what vitality, if any, *Bueno* has in the wake of *Hampton v. United States,* 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976), we find the instant case clearly distinguishable. The per se rule of *Bueno* was called for because the offenses for which conviction was obtained were made possible "through the creative activity of the government. The Defendant would not have had the heroin to sell if it had not been purchased by the Informer." 447 F.2d at 906. Here, on the other hand, the DEA became involved after the conspiracy had begun. The conspiracy was not instigated by the "creative activity of the government." The DEA only allowed the conspiracy to play itself out until the conspirators could be ascertained and apprehended.

 While entrapment may be a defense to a charge of conspiracy, *see e. g., United States v. Warren,* 453 F.2d 738 (2d Cir.), *cert. denied,* 406 U.S. 944, 92 S.Ct. 2040, 32 L.Ed.2d 331 (1972); *United States v. Wiesner,* 216 F.2d 739 (2d Cir. 1954); *Wall v. United States,* 65 F.2d 993 (5th Cir. 1933); *O'Brien v. United States,* 51 F.2d 674 (7th Cir. 1931), if the criminal intent originates in the mind of the conspirator, the fact that the government furnishes the opportunity for him to carry out the crime does not amount to entrapment. *See generally* Annot., 91 A.L.R.2d 1148, 1162–63 (1963). The evidence clearly demonstrates that the appellants were predisposed to commit the crime, and there being no outrageous police conduct which would possibly rise to the level of a due process violation, the defense of entrapment must fail. *Hampton v. United States.* We have examined the other contentions of the appellants and find them to be without merit also. Accordingly, the judgments of conviction are AFFIRMED.