UNITED STATES of America, Plaintiff,

v.

Cesar CAMPA, Defendant.

No. 78–321–Cr–CA.

United States District Court,
S. D. Florida.

Aug. 17, 1979.

Michael J. Osman, Miami, Fla., for defendant Campa.

R. Jerome Sanford, Asst. U. S. Atty., Miami, Fla., for plaintiff.

## MEMORANDUM OPINION AND ORDER ON MOTION TO DISMISS

ATKINS, Chief Judge.

Defendant, Cesar Campa, moves this Court to dismiss the indictment and enter judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. The defendant bases his motion on two grounds. First, he argues that the conduct of the law enforcement agents in this case was so outrageous as to violate the Due Process Clause of the United States Constitution. In accordance therewith, he prays a judgment of acquittal be entered by this Court. Alternatively, defendant contends that he was entrapped as a matter of law and a judgment of acquittal should be entered on those grounds. For the following reasons, the motions are DENIED.

The indictment against Campa alleges a conspiracy to possess with intent to distribute cocaine. The defendant correctly states that the evidence produced at trial shows Campa was not involved in an ongoing conspiracy at the time of the Drug Enforcement Agent's "infiltration." Campa argues that his conversations with the DEA agent and his lifelong friend, a paid informant, enticed him into believing that he would make millions of dollars; that the Government knowingly distributed cocaine which it made no attempt to recover; and that the case agent perjured himself and the Government knowingly used his false testimony at trial. The defendant suggests that these and other facts mandate the entry of a judgment of acquittal on his behalf.

### I. DUE PROCESS

The record before this Court reflects no outrageous conduct on the part of the Government or its' agent that could rise to the level of a due process violation. In *Rochin v. California,* 342 U.S. 165, 172, 72 S.Ct. 205, 96 L.Ed. 183 (1951), the Supreme Court stated that the Due Process Clause prohibits government action "that shocks the conscience." None of the factors cited by the defendant or their cumulative weight in this case approaches that standard.

Defendant's assertion involving the distribution of cocaine by the DEA agent is not particularly relevant to due process considerations. The fact that cocaine was pro-

vided by the agents and was not subsequently recovered, thereby making it hypothetically available on the streets, does not violate any right of this defendant under the United States Constitution. *See United States v. Graves,* 556 F.2d 1319, 1325 (5th Cir. 1977).

█ .The defendant also argues Government misconduct based on the assertion that DEA agent Fernandez perjured himself. This contention stems from a supposed conflict between his sworn affidavit and his testimony at trial, his failure to testify in the Government's case about two allegedly important meetings with defendant about which no DEA reports exist, a supposed mistranslation from Spanish to English of an important statement of defendant by Fernandez, and the failure of the Government tape recordings to corroborate the agent's testimony before the grand jury relating to a statement made by Campa at a meeting with Fernandez and the paid informer. The defendant also alleges additional misconduct on the part of the Government in failing to record or produce recordings of those two controversial meetings about which Fernandez testified before the grand jury.

Accepting *arguendo* that these discrepancies do exist, there is no indication that they reflect anything more than omissions or contradictions based on Fernandez's faulty memory and, therefore, should be properly handled through normal impeachment procedures. The idea that Fernandez wilfully perjured himself is unfounded speculation. Agent Fernandez was not a paid informant or a key witness promised leniency as in *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1971), or *United States v. Brown,* 462 F.Supp. 184 (S.D.N.Y. 1978). There is no indication that the agent is an amoral individual who presented uncorroborated testimony against a defendant with a self-serving motive. *See United States v. Brown, supra* at 188–89. Therefore, unlike the cases cited by defendant, the use of Fernandez's uncorroborated testimony did not unacceptably compromise the integrity of defendant's trial. Nor is this a

case where the prosecutor knew the chief witness perjured himself before the grand jury as in *United States v. Basurto,* 497 F.2d 781, 785 (9th Cir. 1974).

█ It is not this Court's duty to decide whether the prosecution should have put on evidence of two controversial meetings in the Government's main case. Defense counsel had knowledge of those meetings and did freely inquire about them. The defense clearly had the evidence based on Fernandez's earlier testimony. This Court is, therefore, not faced with the problem of prosecutional suppression of material evidence as in *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1975). Moreover, nothing produced at trial shows the failure of the Government to record, or produce recordings of certain meetings was wilfull, or that undisclosed evidence was material in a constitutional sense. *See United States v. Agurs, supra,* at 109–10, 96 S.Ct. 2392; *Moore v. Illinois,* 408 U.S. 786, 795, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972).

█ A relevant consideration in dealing with defendant's enticement contention is that Campa stands accused of a contraband offense. It has been persuasively suggested that courts should show greater flexibility in their toleration of police conduct when dealing with criminal activity of this kind. See *Hampton v. United States,* 425 U.S. 484, 493, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1975), n.7 (Powell, J., concurring); *United States v. Twigg,* 588 F.2d 373, 378 (3d Cir. 1978), n.6.

Defendant cites the *Hampton* case and particularly the concurring opinion of Justice Powell in support of his motion. In *Hampton,* Justice Powell was unwilling, to join the plurality in concluding that under no set of circumstances neither due process nor the Supreme Court's supervisory power "could support a bar to conviction in any case where the Government is able to prove predisposition." 425 U.S. at 495, 96 S.Ct. at 1653. However, in a footnote Justice Powell further elucidated the narrow range of cases to which the "outrageous conduct" defense would be applicable:

"I emphasize that the cases, if any, in which proof of predisposition is not dispositive will be rare. Police overinvolvement in crime would have to reach a demonstrable level of outrageousness before it would bar conviction. *This would be especially difficult to show with respect to contraband offenses, which are too difficult to detect in the absence of undercover Government involvement.* One cannot easily exaggerate the problems confronted by law enforcement authorities in dealing effectively with expanding narcotics traffic, . . . *Enforcement officials therefore must be allowed flexibility adequate to counter effectively such criminal activity.*"

425 U.S. 495–96, 96 S.Ct. 1653 (emphasis added).

In *United States v. Twigg,* 588 F.2d 373 (3d Cir. 1978), also cited by Campa, the Third Circuit reversed a defendant's conviction on due process grounds. In a footnote, the Court of Appeals stated that:

"[w]e are adhering to Justice Powell's reasoning that in evaluating whether government conduct is outrageous, the court must consider the nature of the crime and the tools available to law enforcement agencies to combat it. *Hampton v. United States, supra,* 425 U.S. at 495–96 n. 7, 96 S.Ct. at . . ."

588 F.2d at 378, n.6. Later in the opinion, the court in discussing the viability of *United States v. West,* 511 F.2d 1083 (3d Cir. 1975) recognized that "*Hampton* may have attenuated *West's* applicability in cases involving similar facts, . . ." *Id.* at 379. These "facts" were not dissimilar to the case at bar. The facts in the *Twigg* case were quite different. In *Twigg,* the Government contacted one of the defendants through a convicted felon and suggested he set up a "speed factory". In addition, the Government provided him with essential supplies and technical expertise, as well as assisting the defendants in finding solutions to difficulties in consummating the crime. Faced with a similar factual scenario, this Court might also be required by due process principles to dismiss the indictment on grounds of fundamental fairness. However, the multiplicity of factors evincing Government overreaching present in *Twigg* is not present in the case before this Court.

■ In light of the standard suggested by Justice Powell in *Hampton* and the cases cited above, enforcement officials would have to engage in conduct far more outrageous than has been demonstrated here. Based on the record before me I do not find activities that are sufficiently "intense and aggressive" to be deemed "repugnant to American criminal justice." *Greene v. United States,* 454 F.2d 783, 787 (9th Cir. 1971). It appears only that the defendant was provided with the opportunity by Government agents to commit a crime to which he was already predisposed.

## II. ENTRAPMENT AS A MATTER OF LAW

■ The defendant also argues that the Government failed to prove predisposition beyond a reasonable doubt and, therefore, the Court should find entrapment as a matter of law. This Court disagrees.

There is no dispute that Campa had a previous lack of criminal involvement. However, conversations both recorded and reported by Agent Fernandez establish that Campa could not "resist the temptation of the promised 'exhorbitant gains' to be reaped from a . . . cocaine sale." *United States v. Bower,* 575 F.2d 499, 504 (5th Cir. 1978). The argument that Campa's statements were mere puffing and lies to impress Fernandez and the confidential informant, a childhood friend of Campa, is unpersuasive. The fact that the Government provided the opportunity is insufficient to establish entrapment as a matter of law. *United States v. Puma,* 548 F.2d 508, 510 (5th Cir. 1977) (per curiam).

The case most directly on point is one that originated in this division, *United States v. Bower, supra.* In that case, the defendant was a depressed, voluntarily un-

employed man, who needed money to go back to school. A paid Government informant had several times requested narcotics, but Bower had rejected the overtures. Finally, seeing a source of easy money, Bower accepted. At trial, the informant failed to testify and, although the record contained the defendant's uncontroverted account of the informant's attempts to procure narcotics, I submitted the entrapment issue to the jury. The Court of Appeals affirmed, finding sufficient evidence weighing against defendant's lack of predisposition.

In the present case, the paid informant did not testify and Campa's sworn uncontroverted testimony is that he was merely lying to impress the informant and Fernandez until he was persuaded by the informant to go along based on their long-standing friendship.

Based on all the testimony heard in this case, I find the following statement of the Fifth Circuit in *Bower* to be particularly relevant:

> "[a]lthough the record contains evidence upon which a jury might conclude that defendant was induced by a Government informer to commit a crime, the evidence was not "so overwhelming that it was 'patently clear' or 'obvious' that [defendant] was entrapped as a matter of law."

*Id.* at 504.

I find no significant distinction between the *Bower* case and the present case at bar. The motion is DENIED.