IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 6, 2008

Charles R. Fulbruge III
Clerk

No. 07-20712
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SYED MAAZ SHAH

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CR-428-1

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

On two bases, Syed Maaz Shah challenges his conviction, by a jury, of possession of a firearm by an alien admitted to the United States under a non-immigrant visa, in violation of 18 U.S.C. §§ 922(g)(5)(B) and 924(a)(2). Shah also challenges his 78-month prison sentence. (The Government's motion to supplement the record with its original trial exhibits is GRANTED.)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Following a lengthy FBI investigation, Shah was arrested on 28 November 2006 at the University of Texas at Dallas, where he was a student. Shah, who testified that he was in the country on a non-immigrant student visa, admitted to the arresting law-enforcement officers that, inter alia, he had been participating in combat training in preparation for "jihad" against the United States.

At trial, the evidence showed that Shah had possessed an Armalite model M-15A4 semi-automatic rifle during two combat training sessions held at a camp in Willis, Texas. The jury found him guilty of violating 18 U.S.C. §§ 922(g)(5)(B) and 924(a)(2).

At sentencing, the district court concluded that Shah's underlying conduct warranted an upward departure. He was sentenced to 78 months imprisonment.

For the first of his two bases for challenging his conviction, Shah claims the district court erred by admitting in evidence his incriminating post-arrest statements. He maintains the Government failed to demonstrate that the statements were obtained in compliance with Miranda v. Arizona, 384 U.S. 436 (1966). We reject Shah's assertion that he preserved this issue for appeal through his motion to dismiss the indictment. Nevertheless, because the testimony at the hearing on Shah's motion to exclude evidence clearly focused on whether Shah had voluntarily made the statements to the officers following the issuance of Miranda warnings, we conclude that Shah sufficiently preserved this issue for review.

Whether a defendant voluntarily waived his Miranda rights is a legal question, subject to de novo review. E.g., United States v. Restrepo, 994 F.2d 173, 183 (5th Cir. 1993). We must, however, "give credence to the credibility choices and findings of fact of the district court unless they are clearly erroneous". Id. The Government has the burden of proving, by a preponderance of the evidence: that the defendant voluntarily waived his rights; and that the statements he made were voluntary. Id.

The district court had before it the consistent and corroborative testimony of three officers that Shah did not request an attorney prior to making his incriminating statements. The district court's determination that the officers' testimony was credible, and that Shah's testimony was not credible, was not clearly erroneous. See id. Moreover, by stating its credibility determination on the record, the court complied with its obligation under Federal Rule of Criminal Procedure 12(d).

For his other challenge to his conviction, Shah asserts that the district court erred in denying his motion for a judgment of acquittal. Shah's motion was based on the affirmative defense of entrapment. Among other things, an undercover agent participated in the training sessions. Shah maintains that person entrapped him. (The Government incorrectly asserts that Shah failed to renew his motion for a judgment of acquittal at the close of the evidence.)

"When a jury, which was fully charged on entrapment, rejects the defendant's entrapment defense, the applicable standard of review is the same as that which applies to sufficiency of the evidence." United States v. Rodriguez, 43 F.3d 117, 126 (5th Cir. 1995). We must accept every fact in the light most favorable to the jury's guilty verdict, and we may reverse only if no rational juror could have found, beyond a reasonable doubt, either: (1) a lack of Government inducement; or (2) predisposition to commit the offense charged. E.g., United States v. Reyes, 239 F.3d 722, 739 (5th Cir. 2001).

Ample evidence permitted a rational juror to conclude that Shah was a willing participant in the training sessions, and, thus, that he was not entrapped into possessing a firearm. A defendant's ready and willing participation in Government solicited criminal activity is sufficient to prove predisposition. Id.

Shah's attempt to characterize his purported entrapment as falling within the "Bueno" defense is unavailing. "The principle of Bueno was rejected and the case effectively overruled by the Supreme Court in Hampton v. United States,

425 U.S. 484 [] (1976)." United States v. Hill, 626 F.2d 1301, 1306 (5th Cir. 1980); see United States v. Bueno, 447 F.2d 903 (5th Cir. 1971).

Shah's contention that he was not "positionally predisposed" to possess a firearm is, likewise, without merit. Even assuming, arguendo, that this court would recognize the positional-predisposition concept, Shah has not established that no rational juror could have found that he could not have possessed a firearm without the Government's inducement. See United States v. Ogle, 328 F.3d 182, 188-89 (5th Cir. 2003); see also United States v. Hollingsworth, 27 F.3d 1196, 1200-03 (7th Cir. 1994) (because the defendants had "no prayer of becoming money launderers without the government's aid", they were not positionally predisposed to commit the offense).

Finally, Shah contends that his 78-month sentence should be vacated because the record fails to demonstrate that the district court was aware it could go below "the floor of the guidelines level in sentencing" him. Shah posits that, because he was sentenced prior to the decisions in Gall v. United States, 128 S. Ct. 586 (2007), and Kimbrough v. United States, 128 S. Ct. 558 (2007), the district court was unaware it had the discretion to sentence him below the sentencing range set forth under the advisory guidelines. Shah never apprised the district court of a constitutional claim regarding the court's procedure in assessing his sentence. Accordingly, this issue is reviewed only for plain error. See United States v. Arnold, 416 F.3d 349, 355 (5th Cir. 2005). His contention fails on the second prong of plain-error review: he fails to show a clear or obvious error.

In Gall and Kimbrough, "the Supreme Court . . . more explicitly set forth the permissible considerations in imposing a sentence, whether within or without an applicable Guidelines range". United States v. Williams, 517 F.3d 801, 809 (5th Cir. 2008). Even prior to the decisions in Gall and Kimbrough, the Supreme Court had already recognized that a district court could impose a sentence that varied from the advisory guideline range based solely on policy

considerations, including disagreements with the Guidelines. See Williams, 517 F.3d at 809 (referencing Rita v. United States, 127 S. Ct. 2456 (2007)); see also United States v. Campos-Maldonado, 531 F.3d 337, 339 (5th Cir. 2008) (noting that, in Kimbrough, "the Court reiterated what it had conveyed in Rita"). Because Rita was decided before Shah was sentenced, Shah's contention that the subsequent decisions in Gall and Kimbrough would have changed the district court's sentencing perspective is without merit. Moreover, there is no indication in the record that the district court believed the advisory guidelines range should presumptively apply. See United States v. Cisneros-Gutierrez, 517 F.3d 751, 766 (5th Cir. 2008). As stated, Shah has not demonstrated clear or obvious error in the district court's imposition of his sentence. See Arnold, 416 F.3d at 355.

AFFIRMED.