**UNITED STATES of America, Appellee,**

v.

**Jerry Wayne NEAL, Appellant.**

**No. 815, Docket 75–1413.**

United States Court of Appeals,
Second Circuit.

Argued March 18, 1976.

Final Briefs Submitted May 13, 1976.

Decided June 3, 1976.

* Senior judge of the United States District Court for the District of Massachusetts, sitting by designation.

Phylis Skloot Bamberger, New York City (William J. Gallagher, The Legal Aid Society, Federal Defender Services Unit, New York City, on the brief), for appellant.

David S. Gould, Asst. U.S. Atty. (David G. Trager, U.S. Atty. for the Eastern District of New York, Brooklyn, N.Y., Josephine Y. King, Asst. U.S. Atty., on the brief), for appellee.

Before MOORE and FEINBERG, Circuit Judges, and WYZANSKI, District Judge.*

PER CURIAM:

Jerry Wayne Neal appeals from a judgment of conviction of possession of an unregistered sawed-off shotgun, 26 U.S.C. §§ 5861(d), 5871, and the possession of a shotgun (the same one) with an obliterated serial number, 26 U.S.C. §§ 5861(h), 5871.[1] Appellant was tried before a jury and Mark A. Costantino, *J.*, in the United States District Court for the Eastern District of New York, and received concurrent sentences of three years on the two counts. The only defense submitted to the jury was that a government informer had entrapped Neal; as to this defense, the judge correctly charged the usual elements of entrapment: inducement and predisposition. The evidence of entrapment in this ordinary sense was very weak. To the extent that the jury gave the claim any credence at all, it obviously believed that Neal was predisposed to commit the crimes of which he was found guilty.

1. Neal was acquitted on a third count charging unlicensed dealing in firearms and ammunition. 18 U.S.C. § 922(a)(1).

The question on appeal is whether the judge should have enlarged on the traditional entrapment defense by charging the jury that if it found that the government informer had supplied Neal with the contraband shotgun, the jury had to acquit. The judge refused to so charge. At the time of trial, the question whether such a charge should be given, if requested, had not been decided in this circuit, see *United States v. Ingenito,* 531 F.2d 1174 (1976), and there had been a split in the other circuits on the issue.[2]

After this appeal was argued, the Supreme Court decided *Hampton v. United States,* —— U.S. ——, 96 S.Ct. 1646, 48 L.Ed.2d 113, 44 U.S.L.W. 4542 (1976). In that case, the defendant was accused of distributing heroin. At trial, he requested a charge that if the jury found that a government informer had supplied the narcotics to him, as he claimed, then the jury had to acquit. The judge refused to so charge. Hampton was convicted, and the Court of Appeals for the Eighth Circuit affirmed. Ruling squarely on the issue now before us, the Supreme Court affirmed in a plurality opinion by Justice Rehnquist for himself, the Chief Justice and Justice White, with Justice Powell and Justice Blackmun concurring in the judgment in an opinion by the former.[3] We believe that the Court's decision in *Hampton* requires us to reject appellant's contention in this case.

Appellant, however, reads *Hampton* differently.[4] He points out that the three dissenting justices there[5] would have reversed the conviction on the theory Neal argued to the trial judge in this case. In addition, the two concurring justices expressed their view that some police conduct could be so "outrageous" as to bar a convic-

tion. —— U.S. at ——, 96 S.Ct. at 1650–1652, 44 U.S.L.W. at 4544–45. Appellant maintains that these five justices would find his conviction offensive and would reverse because the record in this case, according to appellant, shows that the informer was paid on a contingent fee basis. We, of course, do not know if appellant's prediction is accurate, and we do not think it necessary to discuss the issue at length. The contingent fee issue was not raised in the trial court as a basis for acquittal. Appellant's request to charge made no mention of it, and no motion for judgment of acquittal was made on this theory. The record on how the informer was paid does not approach the facts in *Williamson v. United States,* 311 F.2d 441 (5th Cir. 1962), the principal case on which appellant relies. There, the government agents offered "a specific sum of money to convict a specified suspect." Id. at 445. Finally, we rejected a similar argument in *United States v. Cuomo,* 479 F.2d 688, 691–92 (2d Cir. 1973); see also *United States v. Smalls,* 363 F.2d 417, 419–20 (2d Cir. 1966), cert. denied, 385 U.S. 1027, 87 S.Ct. 755, 17 L.Ed.2d 675 (1967). And, on this record, we do so again.

Judgment of conviction affirmed.

---

**2.** The Fifth and Third Circuits had supported appellant's position. See, e. g., *United States v. Mosley,* 496 F.2d 1012, 1015–16 (5th Cir. 1974) (narcotics); *United States v. West,* 511 F.2d 1083, 1085–86 (3d Cir. 1975) (narcotics). The First, Seventh and Eighth Circuits had rejected it. See, e. g., *United States v. Jett,* 491 F.2d 1078, 1081 (1st Cir. 1974) (narcotics); *United States v. McGrath,* 494 F.2d 562 (7th Cir. 1974) (counterfeit bills); *United States v. Hampton,*

507 F.2d 832, 834–36 (8th Cir. 1975) (narcotics).

**3.** Justice Stevens did not participate.

**4.** After the decision in *Hampton,* we asked for, and received, supplemental briefs on the effect of that decision on the appeal before us.

**5.** Justices Brennan, Stewart and Marshall, in an opinion by the first.