Albert M. **COAKES** and Valerie
Coakes, Plaintiffs-Appellants,

v.

**ARABIAN AMERICAN OIL COMPANY,**
Defendant-Appellee.

No. 87–2238
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 10, 1987.

---

**11.** *See supra* note 1.

Stuart B. Collins, Ralph M. Sharpe, Jr., Paul Allen Scoff, Sharpe & Kajander, Houston, Tex., for plaintiffs-appellants.

Kenneth R. Wynne, Bracewell & Patterson, Houston, Tex., for defendant-appellee.

Before REAVLEY, RANDALL and JOLLY, Circuit Judges.

PER CURIAM:

Albert N. Coakes, a citizen of Great Britain and resident of England, was hired in England and worked in Arabia for Arabian American Oil Company ("Aramco"), a company incorporated in the State of Delaware. He and his wife, Valerie, brought this suit in the Southern District of Texas, alleging that Aramco made misrepresentations to him when he was hired in England, and later during the course of his employment in Saudi Arabia. These misrepresentations led him to believe that the manufacture and use of alcohol was permitted by Saudi Arabian officials. Because he relied and acted on this representation, the complaint alleges, he was arrested and imprisoned in Saudia Arabia for manufacturing alcohol, which resulted in his loss of employment and his and Valerie's mental anguish. The district court dismissed the Coakes' complaint on grounds of *forum non conveniens,* and we affirm.

I

Albert and Valerie Coakes are British subjects who apparently have never set foot on American soil. In London in 1973, Albert Coakes interviewed with an employment agency for a position with Aramco. His recruitment and contract negotiations were handled in England under the auspices of Aramco Overseas Company, an Aramco subsidiary located in the Netherlands. After signing a contract of employment with Aramco in London in 1973, Coakes and his wife moved to Saudi Arabia, Aramco's principal place of business.

While working for Aramco in Saudi Arabia, the Coakes, along with other foreign nationals, lived in the Aramco company compound. On November 26, 1983, Albert Coakes was arrested at his residence by Saudi officials for the illegal production of alcohol and imprisoned until he was deported from Saudi Arabia on February 1, 1984.

The Coakes brought suit in federal district court in Houston, Texas, alleging fraudulent misrepresentation and breach of employment contract. They also claimed damages for lack of consortium and for mental anguish. The Coakes allege that Aramco condoned the manufacture of alcohol and assured its employees that Saudi Arabian authorities would ignore such activity. They argue that, relying on this misrepresentation, they engaged in the manufacture of alcohol, which resulted in Albert's arrest and imprisonment. Aramco responded to the Coakes' petition with a motion to dismiss on grounds of *forum non conveniens.* After oral argument, the magistrate granted the defendant's motion to dismiss for *forum non conveniens* on conditional grounds, and the plaintiffs appealed to the district court. The district

**574**

court adopted the magistrate's recommendations in full, and dismissed the action, subject to a 120–day stay to allow the Coakes to refile their cause in an appropriate English court, during which time the plaintiffs would be afforded the compulsory process and protection of the district court to take depositions of certain witnesses in the United States. The district court later entered final judgment. The Coakes filed a timely appeal.

## II

We consider this case in the light of the rule that a *forum non conveniens* determination is a matter that traditionally has been the province of the trial court's discretion. In *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981), the Supreme Court made clear the standard to be applied by us in this review.

> The *forum non conveniens* determination is committed to the sound discretion of the trial court. It may be reversed only when there has been a clear abuse of discretion; where the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference.

*Piper,* 102 S.Ct. at 266.

In the case before us, the magistrate and the district court fully considered all relevant public and private interest factors, *see Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947), and concluded that the case should be dismissed.

■ The district court properly considered first the applicable law and correctly concluded that the law in the United States should not govern this controversy. Here, following the choice-of-law principles of the forum state, Texas, we are required to apply the "significant relationship" test. *See Kucel v. Walter E. Heller & Co.,* 813 F.2d 67, 73 (5th Cir.1987). It is clear that as among the United States, England and Saudi Arabia, the United States does not have the most significant relationship to the issues raised in this case. Although it may be true, as the appellants argue, that the United States has an interest in deterring its domestic corporations from making misrepresentations to its employees, the district court properly gave this interest little weight in the context of this particular case. The issues presented in this case involve the rights of British subjects under a contract made in England, negotiated through an English recruiting firm under the auspices of a Netherlands subsidiary of Aramco, and performed in Saudi Arabia. The misrepresentations occurred in England and Saudi Arabia. The injuries occurred in Saudi Arabia. In short, the United States has only a minimal interest in the issues presented in this case. Thus, the district court was clearly correct in concluding that United States law would not apply in resolving this dispute.

Our review of the magistrate's opinion, which was adopted by the district court, also convinces us that the private and public interests presented in this case were well considered. With respect to private-interest considerations, the district court's conditional dismissal adequately provided the Coakes with access to sources of proof. The district court did not abuse its discretion in determining that when all the practical problems and evidence in this case were considered, the case could most expeditiously and inexpensively be tried in England. In considering the public interest factors, the district court properly minimized the interest of the United States in this controversy.

## III

### A.

■ The Coakes, however, do make two arguments that bear further discussion. First, they contend that thirteen witnesses who reside in various parts of the United States have knowledge of the practices of Aramco officials and knowledge of the incident in question. If this case is transferred to England, they argue, the burden of transporting these witnesses will be not merely inconvenient, it will be intolerable. It cannot be denied, of course, that transporting these witnesses to England for tri-

al would constitute more of a financial burden on the plaintiffs than would transporting them to Houston, Texas for trial. The district court, however, compensated for this burden by allowing discovery to proceed under the protection of the district court, before final dismissal of the case. Although an affidavit from an English solicitor casts some doubt on the extent to which these depositions might be used in an English court of law, we find that the district court did not abuse its discretion in declining to place special emphasis on this inconvenience to the plaintiffs. The district court noted that there are some available witnesses in England who can similarly testify to the practices of Aramco, and the district court reasonably expressed some doubt about the need for so many American witnesses.

### B.

■ The second contention that we address is that this case should be maintained in the United States because the American legal system allows attorneys to work on a contingent-fee basis while the English system does not. This difference between American and English law, they argue, imposes a financial burden on them that will preclude their maintaining this suit in England. As a corollary, the Coakes also contend that they will not be able to take the depositions of the thirteen witnesses in the United States for use in an English trial because they cannot afford to pay an American attorney on an hourly basis.

In addressing the plaintiffs' contentions, we first note that because Aramco has agreed to submit to jurisdiction in England, the Coakes cannot actually argue that England is not an available, alternate forum. Nor do they assert that an English forum will not provide an adequate legal remedy or that it will unfairly adjudicate the Coakes' claims. The Coakes' contention is simply that England is not an adequate alternative forum because it will not allow

them to hire an English solicitor on a contingency-fee basis. In other words, they ask this court to hold that the determinative factor in this *forum non conveniens* case is the nonexistence of a contingent-fee system in their country's legal system. Yet neither the Supreme Court nor any federal circuit has ever held that the lack of a contingent-fee system in a foreign forum is the controlling factor in a *forum non conveniens* case. Indeed, at least one circuit has suggested that where the plaintiff is foreign, little weight should be given to this purported financial burden. *See Dowling v. Richardson-Merrell, Inc.*, 727 F.2d 608, 616 (6th Cir.1984). Here we do not decide the precise weight to be given to the plaintiffs' reputed financial burden, only that the district court acted properly in refusing to give determinative weight to England's lack of a contingent-fee system. Furthermore, we note that the Coakes have already obtained the services of an English solicitor in order to resolve their claims against Aramco, and the Coakes' affidavits make it less than clear that the unavailability of a contingent-fee arrangement will preclude prosecution of that case. Moreover, if the Coakes are truly indigent, then English law will likely provide them with free legal assistance. *Rudetsky v. O'Dowd*, 660 F.Supp. 341, 347 (E.D.N.Y. 1987). Furthermore, if the Coakes do prevail on the merits, English law would allow them to recoup their legal expenses from the losing party. *Id.* at 346.

Finally, the Supreme Court has stated that "[t]he possibility of a change in substantive law should ordinarily not be given conclusive or even substantial weight in the *forum non conveniens* inquiry." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 102 S.Ct. 252, 261, 70 L.Ed.2d 419 (1982). Although the right to engage in contingent-fee arrangements may not be classified as substantive law, the Coakes argue that it does affect their substantive rights, i.e., to make any recovery whatsoever.[1] Moreover, the rationale that supports the specif-

---

1. Although we agree with the Eighth Circuit that the lack of a contingent-fee system is not a matter "concerned wholly with a less favorable substantive law," we nevertheless note that as

presented in this case, it is analogous to substantive law. *See Lehman v. Humphrey Cayman, Ltd.*, 713 F.2d 339, 346 (8th Cir.1983).

ic ruling in *Piper* is applicable here. The Court pointed out that the central focus of the *forum non conveniens* inquiry is convenience. *Id.* 102 S.Ct. at 262. If substantial weight is given to unfavorable differences in law, dismissal would be barred even where the forum was plainly inconvenient, thus rendering the *forum non conveniens* doctrine virtually empty of meaning. Furthermore, the Supreme Court pointed out that, from a practical point of view, allowing favorable law to be a major consideration in maintaining a suit in the United States would have the effect of making American courts, which are already extremely attractive to foreign plaintiffs, even more attractive. *Id.* 102 S.Ct. at 264. The flow of litigation into the United States that would follow would serve only to congest our courts further. These observations are equally appropos here. If the lack of a contingent-fee system were held determinative, then a case could almost never be dismissed because contingency fees are not allowed in most foreign forums. *See Piper,* 102 S.Ct. at 264 n. 18. It is thus our view that the fact that contingent fees are legally permissible in the United States but legally impermissible in England is not a factor that controls or even significantly influences the *forum non conveniens* determination in this case.

## IV

In conclusion, although we are sympathetic with the Coakes' argument that some of their witnesses reside in the United States and that there will be an increase in the financial burden of resorting to their own judicial system, we decline to place any special emphasis upon these two factors. The Supreme Court has warned that if central emphasis is placed upon any single factor, the *forum non conveniens* doctrine would lose much of the flexibility that makes it so valuable. *Piper,* 102 S.Ct. at 263. We conclude that the district court properly weighed all the several factors in reaching its decision to dismiss this case and in entering its findings and conclu-

sions, did not abuse its discretion. The judgment of the trial court is therefore

AFFIRMED.