UNITED STATES of America,
Plaintiff–Appellee,

v.

Norberto GOMEZ, Defendant–Appellant.

No. 89–3509.

United States Court of Appeals,
Eleventh Circuit.

Aug. 9, 1990.

---

Maureen Duignan, Shell, Fleming, Davis & Menge, Pensacola, Fla., for defendant-appellant.

Stephen P. Preisser, Randall J. Hensel, Asst. U.S. Attys., Pensacola, Fla., for plaintiff-appellee.

* See Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

Before CLARK, Circuit Judge, RONEY *, Senior Circuit Judge, and ATKINS **, Senior District Judge.

PER CURIAM:

The defendant in this case was charged in a single count indictment with distribution of crack cocaine on December 16, 1988. The transaction involving the defendant, an undercover police officer, and an informant was videotaped and that videotape was played for the jury. The defendant did not deny making the sale or cooking the powdered cocaine in order to transform the drug into crack cocaine. Rather, the defendant claimed that the informant supplied him with the powdered cocaine immediately before the defendant met with the undercover police officer. In order to refute this claim, the court allowed the government to reopen its case in response to the defendant's claims of per se entrapment by allowing the informant to testify. The informant denied supplying the drugs to the defendant.

Appellant contends that the district court erred in permitting the government to reopen its case and elicit testimony from the confidential informant after defendant's motion for acquittal under the asserted authority of *United States v. Bueno*, 447 F.2d 903 (5th Cir.1971).[1] We hold that the district court did not abuse its discretion in reopening the case. Nor did the district court err in its refusal to give defendant's requested instruction on entrapment.

We chiefly turn our attention to appellant's contention that the interpreter's method of translating certain live testimony offered at the trial did not conform with the statute regulating the use of interpreters in the United States District Court:

(k) The interpretation provided by certified or otherwise qualified interpreters pursuant to this section shall be in the simultaneous mode for any party to a

1. *See United States v. Rey*, 811 F.2d 1453, 1456 n. 2 (11th Cir.1987) (indicating that *Bueno* has been disapproved by the Supreme Court).

judicial proceeding instituted by the United States and in the consecutive mode for witnesses, except that the presiding judicial officer, sua sponte, or on the motion of a party, may authorize a simultaneous, or consecutive interpretation when such officer determines after a hearing on the record that such interpretation will aid in the efficient administration of justice.

28 U.S.C. § 1827(k), as amended Nov. 19, 1988.

The backdrop to the translation problem can be briefly stated. During the trial, the government elicited the testimony of Patricia Knox to the effect that the appellant had sold crack cocaine at a local nightclub called "the Elks Lodge." Knox's testimony remained uncorroborated until the government called to the witness stand the non-English speaking confidential informant. The court interpreter translated the prosecutor-informant exchange in the following manner:

Q: Where does Norberto Gomez sell typically the crack?

A: Generally he sells at a location, *he's [sic] says the disco but what he means is the Elks Lodge* on Carson Street in Fort Walton Beach, as well as other streets in Fort Walton Beach.

R3:120, at 11–14 (emphasis added). The informant himself apparently made no reference to the Elks Lodge. *See* Government's Brief, at 24–25 (conceding that interpreter's translation "was admittedly improper").

■ This court recently stated that "the general standard for the adequate translation of trial proceedings requires *continuous word for word translation* of everything relating to the trial...." *United States v. Joshi*, 896 F.2d 1303, 1309 (11th Cir.1990) (emphasis added); *see also* H.R. Rep. No. 1687, 95th Cong., 2d Sess. 7–8, *reprinted in* 1978 U.S.Code Cong. & Admin.News 4652, 4658–59 (committee prefers "consecutive" translation mode over "summary" mode); *Joshi*, 896 F.2d at 1309 n. 6 ("summary translation" contemplates condensation and distillation of testimony). The reason for this rule is evident. Word for word translation best ensures that "the

quality of the translation does not fall below constitutionally permissible threshold." *Joshi*, 896 F.2d at 1309 (describing purpose of the Court Interpreters Act, 18 U.S.C. § 1827). Although defendants have no constitutional "right" to flawless, word for word translations, *see id.* ("occasional lapses" from word to word translation mode will not render trial "fundamentally unfair"), interpreters should nevertheless strive to translate exactly what is said; courts should discourage interpreters from "embellishing" or "summarizing" live testimony.

■ The translation rendered in the present case was plainly improper. The confidential informant called by the government made no reference to the Elks Lodge; he stated only that he had seen the appellant sell crack cocaine in "the disco." By equating the "disco" with the "Elks Lodge," the interpreter took an unwarranted liberty with the trial testimony. Worse, the interpreter conferred an undeserved boon upon the government—the interpreter's "testimony" tended to corroborate Patricia Knox's earlier testimony about the appellant's drug dealings at the Elks Lodge. The interpreter's conduct thus resulted in some prejudice against the appellant.

■ The record nevertheless reveals that the evidence against the appellant was, in all other respects, overwhelming. *See, e.g.*, R3:7 *et seq.* (describing undercover agent's negotiations with appellant, purchase of crack cocaine from appellant, and the audio/video surveillance of the same). We therefore cannot conclude that the interpreter's conduct rendered the entire trial "fundamentally unfair." *See Valladares v. United States*, 871 F.2d 1564, 1566 (11th Cir.1989) (where non-English speaking defendant asserts that translation was deficient, constitutional inquiry turns on whether the deficiency "made the trial fundamentally unfair"). The conviction is affirmed in all respects.

AFFIRMED.