**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Martha LIRA–ARREDONDO,**
**Isaac Guzman–Hernandez,**
**Defendants–Appellants.**

**Nos. 94–1006, 94–1007.**

United States Court of Appeals,
Tenth Circuit.

Oct. 25, 1994.

Submitted on the briefs: *

John A. Sbarbaro, Asst. U.S. Atty., Denver, CO, for plaintiff-appellee.

E. Scott Baroway, Baroway, Porter & Thomas, P.C., Englewood, CO, David A. Senseney, Englewood, CO, for defendants-appellants.

Before SEYMOUR, Chief Judge, McKAY, and BALDOCK, Circuit Judges.

BALDOCK, Circuit Judge.

Defendants appeal their convictions for conspiring to sell counterfeit alien registration receipt cards, 18 U.S.C. § 371, and use of counterfeit alien registration receipt cards,

18 U.S.C. § 1546. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

A confidential informant for the Immigration and Naturalization Service ("INS") contacted Defendants in February 1991. The informant told Defendants she wanted to purchase a fraudulent I–688 alien registration receipt card ("I–688 card"). In May 1991, Defendants met with the INS informant and sold her a fraudulent I–688 card for $350. Defendants were charged with conspiracy to sell counterfeit alien registration receipt cards, 18 U.S.C. § 371, and use of counterfeit alien registration receipt cards, 18 U.S.C. § 1546.

At trial, the government introduced without objection audio tapes of recorded Spanish conversations made by the INS informant during her meetings with Defendants. After introducing the tapes, the government sought to introduce counterpart English-translation transcripts prepared by the INS. The government offered the transcripts in order to aid the jury in interpreting the tapes. Defendants objected to the admission of the transcripts contending they were not translated in accordance with the procedures outlined in the Court Interpreters Act ("CIA"), 28 U.S.C. § 1827, and were therefore inadmissible.

The district court rejected the Defendants' argument, concluding the CIA did not apply to the instant case. The court stated in pertinent part:

As I read the statute, it deals with interpreting for judicial proceedings. And to me that means an interpreter who is present in court and in order to enable the parties to understand the proceeding which is going on in English in the language that is understood to them, whatever it might be.... [B]oth defendants are hooked up to a machine with earphones, and they are listening to every word interpreted to them. I think that's what—that's what that statute is intended to apply to.

* All parties waived oral argument. The case is therefore ordered submitted on the briefs.

The court overruled all of Defendants' objections to the transcripts [1] and admitted the transcripts into evidence. Ultimately, the jury convicted Defendants on all charges and the court sentenced Defendants to two years probation. This appeal followed.

■ On appeal, Defendants contend the district court erroneously admitted the government's transcripts because the transcripts were not prepared pursuant to the procedures set forth in the CIA. Section 1827(d)(1) of the CIA provides in part:

> The presiding judicial officer ... shall utilize the services of the most available certified interpreter, or when no certified interpreter is reasonably available ... the services of an otherwise qualified interpreter, in judicial proceedings instituted by the United States, if the presiding judicial officer determines ... that [a] ... party ... or a witness who may present testimony in such judicial proceedings—
>
> (A) speaks only or primarily a language other than the English language ...
>
> .    .    .    .    .
>
> so as to inhibit such party's comprehension of the proceedings or communication with counsel or the presiding judicial officer, or so as to inhibit such witness' comprehension of questions and the presentation of such testimony.

28 U.S.C. § 1827(d)(1). Pursuant to this section, Defendants contend that the transcripts prepared by the government during its criminal investigation became interpretations for a judicial proceeding when the government sought to introduce them into evidence and therefore must have been translated according to CIA procedures—*i.e.*, translated by a certified interpreter. Because CIA procedures were not followed, Defendants contend their convictions should be reversed and the case remanded for a new trial.[2]

■ We review the district court's interpretation of the CIA de novo. *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 469 (10th Cir.1992), *cert. denied*, —— U.S. ——, 114 S.Ct. 98, 126 L.Ed.2d 65 (1993). "The starting point in interpreting a statute is its language, for '[i]f the intent of Congress is clear, that is the end of the matter.'" *Good Samaritan Hospital v. Shalala*, —— U.S. ——, ——, 113 S.Ct. 2151, 2157, 124 L.Ed.2d 368 (1993); *see also United States v. Morgan*, 922 F.2d 1495, 1496 (10th Cir.) ("As in any case of statutory interpretation, we begin with the plain language of the law. If the statutory language is clear, this will ordinarily end the analysis."), *cert. denied*, 501 U.S. 1207, 111 S.Ct. 2803, 115 L.Ed.2d 976 (1991).

Reading the CIA as a whole, we reject Defendants' contention that the CIA is applicable to instances where the government prepares transcripts outside of judicial proceedings during the course of a criminal investigation and thereafter offers them into evidence at trial. A reading of § 1827(d)(1) clearly indicates to this court that the CIA is applicable only "in judicial proceedings instituted by the United States." 28 U.S.C. § 1827(d)(1). The phrase "judicial proceedings instituted by the United States" is categorically defined to include "all proceedings,

---

1. Defendants also objected below that the government failed to lay a proper foundation for entering the transcripts into evidence—*i.e.*, that the transcripts were a fair and accurate rendition of the tapes. The district court overruled this objection. On appeal, Defendants devote their entire argument to a claimed violation of 28 U.S.C. § 1827. Because Defendants do not cite any authority or develop their objection on appeal that the transcripts were a fair and accurate rendition of the tapes, Defendants have waived this issue. *See Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1231 (10th Cir.1990) (issue not argued in appellate brief or at oral argument deemed waived on appeal).

2. Defendants also assert that the district court erred in admitting the transcripts because: (1) the government did not set forth the expert quali-

fications of the transcripts' translators prior to their admission in violation of Fed.R.Evid. 702, and (2) Defendants were denied their constitutional right to fundamental fairness because government personnel prepared the government's translations. We decline to address Defendants' first issue because they failed to raise this objection at trial, and hence waived it. *See United States v. Mendoza–Salgado*, 964 F.2d 993, 1008 (10th Cir.1992) (to preserve error, party must make timely and proper objection stating specific grounds for objection). We likewise decline to address Defendants' second issue as it is raised for the first time in this appeal. *See United States v. Mendoza–Lopez*, 7 F.3d 1483, 1485 n. 2 (10th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1552, 128 L.Ed.2d 201 (1994).

whether criminal or civil, including pretrial and grand jury proceedings ... conducted in, or pursuant to the lawful authority and jurisdiction of a United States district court." *Id.* at § 1827(j). Within these proceedings, the act is applicable only when a presiding judicial officer determines that a party or witness needs the assistance of an interpreter to aid that party's *"comprehension of the proceedings or communication with counsel,"* or that witness's *"comprehension of questions and the presentation of ... testimony." Id.* at § 1827(d)(1) (emphasis added). By setting forth these specific instances in which the CIA is applicable, Congress has expressly indicated that the services of a certified interpreter are to be used to interpret the testimony presented and the communications with court and counsel that take place in a judicial proceeding. *See United States v. Paz,* 981 F.2d 199, 200 (5th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 2378, 124 L.Ed.2d 282 (1993) ("Congress enacted ... [the CIA] to ensure that a defendant has comprehension of the proceedings and can effectively communicate with counsel."). Indeed, other circuits that have applied the CIA have done so in situations in which parties have required the services of an interpreter to comprehend the testimony presented and communications taking place within a judicial proceeding. *See, e.g., id.* (defendant provided with interpreter to help her comprehend plea proceeding); *United States v. Sanchez,* 928 F.2d 1450, 1454 (6th Cir.1991) (defendants provided with interpreter to help them comprehend trial proceedings); *United States v. Gomez,* 908 F.2d 809, 810–11 (11th Cir.1990) (defendant provided with interpreter to help him comprehend live testimony at trial), *cert. denied,* 498 U.S. 1035, 111 S.Ct. 699, 112 L.Ed.2d 689 (1991).

In the instant case, the record indicates that Defendants had the use of a certified interpreter during the trial proceedings. Furthermore, Defendants make no argument that they had trouble comprehending the proceedings, communicating with counsel, or comprehending the testimony presented. Rather, Defendants simply argue that the CIA's procedures must be followed by the government when it prepares transcripts and later offers them into evidence in a judicial proceeding. However, there is simply nothing in the plain language of the CIA which indicates that its procedures are applicable to the instant case. We therefore conclude the district court did not err in admitting the transcripts into evidence at trial.

AFFIRMED.