IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 95-50116
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO LOPEZ-ESCOBAR, JUAN
ESTRADA-SILLAS, JESUS ALVAREZ-
ESPINOZA,

Defendants-Appellants.

---

Appeal from the United States District Court for the
Western District of Texas
(CF-P-94-34-1)

---

December 1, 1995

Before GARWOOD, SMITH and EMILIO M. GARZA, Circuit Judges.[*]

PER CURIAM:

After a review of the record, we hold that the district court did not abuse its discretion by admitting the English transcripts of the Spanish tape-recorded conversations. *United States v. Sutherland*, 656 F.2d 1181, 1201 (5th Cir. 1981), *cert. denied*, 455 U.S. 949 and 991 (1982); *United States v. Rochan*, 563 F.2d 1246,

---

[*]    Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

1251 (5th Cir. 1977). *See also United States v. Valencia*, 957 F.2d 1189, 1194 (5th Cir.), *cert. denied*, 113 S.Ct. 254 (1992).

Appellants had their own translator listen to the tapes and prepare English transcripts thereof, but did not tender these transcripts, or their translator's testimony, to the court or jury, and presented no evidence that the government's transcripts were inaccurate. The government's evidence showed that its transcripts were accurate.

Appellants' contention that the Interpreters in Courts of the United States Act, 28 U.S.C. § 1827, applies is raised for the first time on appeal. Appellants did not make this contention below and did not request that the court appoint a translator or interpreter in respect to the tapes or suggest that it should have done so. No plain error is shown in this respect; appellants cite no decision stating the Act is applicable in this setting, and at least one appellate decision holds it is not. *United States v. Lira-Arredondo*, 38 F.3d 531 (10th Cir. 1994).

Finally, the district court did not err in denying Alvarez-Espinoza's motion during trial to suppress statements he made to Federal Bureau of Investigation agents after his arrest. *United States v. Andrews*, 22 F.3d 1328, 1340 (5th Cir.), *cert. denied*, 115 S.Ct. 346 (1994).

The appellants' convictions and sentences are

AFFIRMED.

2