[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 4, 2008
THOMAS K. KAHN
CLERK

No. 07-12532
Non-Argument Calendar

_____

D. C. Docket No. 03-20592-CV-ASG

LUIS VEGA,

　　　　　　　　　　　　Plaintiff-Appellant,

versus

CRUISE SHIP CATERING AND SERVICE INTERNATIONAL, N.V.,
PRESTIGE CRUISES, N.V.,

　　　　　　　　　　　　Defendants-Appellees,

COSTA CROCIERE, SPA,

　　　　　　　　　　　　Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 4, 2008)**

Before TJOFLAT, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

Luis Vega ("Vega"), a Colombian seaman, appeals from the district court's

denial of his motion to reinstate his suit against Appellees for alleged violations of the Jones Act, 46 App. U.S.C. § 688 (2006).  The district court initially dismissed Vega's suit on the basis of *forum non conveniens*.  Vega filed his motion to reinstate the case almost one year after the dismissal, never having appealed the original dismissal of his case.  Because we find that the district court did not abuse its discretion in denying Vega's motion to reinstate the case, we affirm the holding of the district court.

## I. FACTS

Vega, a Colombian citizen, signed an employment contract with Appellee Cruise Ship Catering Services International ("Catering Services") in Colombia. Catering Services placed Vega as a crewman aboard Appellee Prestige Cruises' ship "Costa Marina."  In September 1996, while aboard the Costa Marina, Vega fell from his bunk bed and was injured.  The Costa Marina was located off the coast of Italy when the injury occurred.  Vega was initially treated by a physician on board the ship, and a few days later underwent surgery for a shoulder fracture in Italy.  Vega returned to Colombia once he had recuperated from the surgery. Three years later, Vega moved to the United States and underwent additional medical treatment for his injury.

In March 2003, Vega filed suit against Defendants-Appellees under the

Jones Act. The district court dismissed Vega's suit on the grounds of *forum non conveniens*, but specified that the dismissal was without prejudice so that Vega could refile if none of the alternative fora accepted his suit. Vega filed a Notice of Appeal from the district court's order, but later dismissed it with prejudice. Almost a year after the dismissal of the case on *forum non conveniens* grounds, Vega filed a motion to reinstate the case. Attached to the motion were affidavits supporting Vega's contention that none of the alternative fora identified by the district court in its order of dismissal allow for contingency fee arrangements. Because Vega could not afford to pay a retainer, the lack of contingency fee arrangements prevented him from filing suit in any of the alternative fora. The district court denied Vega's motion to reinstate the case, and Vega now appeals.

## II. DISCUSSION

We review the district court's dismissal of Vega's motion to reinstate the case for abuse of discretion. See United States v. Gomez, 908 F.2d 809, 810 (11th Cir. 1990) (holding that a district court did not abuse its discretion in reopening a criminal case to admit additional testimony); Gas Ridge, Inc. v. Suburban Agric. Props., Inc., 150 F.2d 363, 366 (5th Cir. 1945) (stating that a motion to reopen a case is committed "to the sound discretion of the judge, and his action will not be disturbed in the absence of a showing that it has worked an injustice in the

3

cause"). On appeal, Vega challenges only the district court's alleged failure to consider his weak financial position and the lack of a contingent fee system in the alternative fora.

Initially, we note that the district court held that the instant motion to reinstate the case constituted an untimely motion to reconsider the district court's September 29, 2005, order dismissing the case for *forum non conveniens*. We conclude that the district court did not abuse its discretion in this regard.

Moreover, we cannot conclude that the district court abused its discretion with regard to the merits. As the district court noted, the financial position of the plaintiff and lack of contingency fee arrangements in the alternative fora are among many factors to be considered in the *forum non conveniens* analysis, and weak ones at that. See Magnin v. Teledyne Cont'l Motors, 91 F.3d 1424, 1430 (11th Cir. 1996) ("If the lack of a contingent fee system were held determinative, then a case could almost never be allowed to be dismissed because contingency fees are not allowed in most forums.") (quoting Coakes v. Arabian Am. Oil Co., 831 F.2d 572, 576 (5th Cir. 1987)). The plaintiff's financial inability to file suit in an alternative forum or the lack of contingency fee arrangements does not, on its own, render a forum unavailable. See id. In this case, the district court weighed the appropriate *forum non conveniens* factors and found that those factors, as a

4

whole, supported dismissal in favor of another forum. We cannot find that the district court abused its discretion in denying Vega's motion. Accordingly, the judgment of the district court is

**AFFIRMED.**[1]

---

[1]Appellant's request for oral argument is DENIED. Appellees' motion for damages and costs is DENIED.