Roderick **HARP**, et al., Plaintiffs,

v.

**AIRBLUE LTD.**, et al., Defendants.

Case No. SACV 10–01780 AG (RZx).

United States District Court,
C.D. California.

March 28, 2012.

Floyd A. Wisner, Wisner Law Firm PC, St. Charles, IL, Michael P. Verna, Nathaniel B. Duncan, Bowles & Verna, Walnut Creek, CA, for Plaintiffs.

Gary P. Simonian, Paul Henry Burleigh, LeClairRyan, LLP, Los Angeles, CA, Richard A. Walker, Telly Andrews, Todd Matthew Saranecki, Kaplan, Massamillo & Andrews LLC, Chicago, IL, for Defendants.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ON THE GROUNDS OF FORUM NON CONVENIENS

ANDREW J. GUILFORD, District Judge.

This case arises out of a July 2008 plane crash near Islamabad, Pakistan that killed all 152 people onboard. Plaintiffs Roderick Harp, Special Administrator of the Estate of Rosie Mae Ahmed, deceased, Aftab Ahmad Shahid, Special Administrator of the Estates of Mubashir Shahid, deceased, and Tariq Shahid, deceased, Tahira Nisar, Special Administrator of the Estate of Owais Ahmend Khan, deceased, Harris Saeed Lodhi, Special Administrator of the Estate of Shireen Lodhi, deceased, and Waseem Ahmed, Special Administrator of the Estate of Saleem Ahmed, deceased (together, "Plaintiffs") sued Defendant Airblue, LTD, ("Defendant") for negligently operating the plane and causing the crash.

Defendants filed a Motion to Dismiss on the grounds of *forum non conveniens* ("Motion") in July 2011. Briefing on the Motion was continued several months by stipulation of the parties. In early November 2011, the Court issued a tentative order granting the Motion. After considering the arguments presented at the November 14, 2011 hearing on the Motion, the Court ordered the parties to discuss settlement possibilities with Magistrate Judge Zarefsky. The Court informed the parties that its final Order would issue following the settlement process.

A settlement agreement has been reached between Defendants and Plaintiffs Shahid, Nisar, Lodhi, and Ahmed (the "Non–Citizen Plaintiffs"), but not yet executed. On March 26, 2012, the Court granted the Non–Citizen Plaintiffs' request for dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(2). A settlement agreement was also reached between Defendants and Plaintiff Harp.

The Court now issues its Order GRANTING Defendants' Motion.

### BACKGROUND

The facts of this case are largely undisputed. On July 28, 2010, Airblue Flight 202 ("Flight 202") crashed during its final approach to Benazir Bhutto International Airport in Islamabad, Pakistan. (Complaint ¶¶ 2–6.) Tragically, all 152 passengers and crewmembers onboard perished. Among the deceased were 145 Pakistani citizens, two U.S. citizens, one Austrian citizen, one Australian citizen, one Somali citizen, and two British citizens. (Declaration of Shahid Abbasi in Support of Motion ("Abbasi Decl.") ¶¶ 7–12.)

Flight 202 originated in Karachi, Pakistan and was operated by Defendant.

(Complaint ¶ 2; Abbasi Decl. ¶¶ 3, 5.) Defendant's headquarters and principal place of business are in Islamabad. Defendant is regulated by Pakistan's Civil Aviation Authority and has never operated flights to or from the United States. (Abbasi Decl. ¶ 24.)

In November 2010, Plaintiffs sued in Orange County Superior Court asserting negligence claims against Defendant, Zapways, Inc., and Tariq M. Chaudhary. (Complaint ¶ 5.) Defendant timely removed the case to this Court, and Zapways, Inc. and Chaudhary were soon dismissed from the action.

Four of the five Plaintiffs and five of the six decedents in this action are alleged to be citizens of an unidentified foreign country, presumably Pakistan. Only one of the Plaintiffs, Roderick Harp, is alleged to be a U.S. citizen. (Complaint ¶ 1.) Plaintiff Harp is suing as Special Administrator of the Estate of his mother, Rosie Mae Ahmed, a U.S. citizen and resident of Georgia who died in the accident. (*Id.*)

### *ANALYSIS*

"The *forum non conveniens* determination is committed to the sound discretion of the trial court." *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 257, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). To grant a motion to dismiss on *forum non conveniens* grounds, a district court must determine "(1) whether an adequate alternative forum exits, and (2) whether the balance of public and private interest factors favors dismissal." *Lueck v. Sundstrand Corp.,* 236 F.3d 1137, 1142 (9th Cir.2001) (citing *Piper Aircraft,* 454 U.S. at 254 n. 22, 102 S.Ct. 252). The Court first considers whether Pakistan is an adequate alternative forum.

### 1. ADEQUACY OF THE ALTERNATIVE FORUM

"An alternative forum is deemed adequate if: (1) the defendant is amenable to process there; and (2) the other jurisdiction offers a satisfactory remedy." *Carijano v. Occidental Petroleum Corp.,* 643 F.3d 1216, 1225 (citing *Piper Aircraft,* 454 U.S. at 254 n. 22, 102 S.Ct. 252). The determination of adequacy should be made on a case-by-base basis with the party moving for dismissal bearing the burden of proof. *Leetsch v. Freedman,* 260 F.3d 1100, 1103 (9th Cir.2001). Both requirements are satisfied here because Defendant has demonstrated that it is subject to process in Pakistan and that Pakistan offers Plaintiffs a satisfactory, though not optimal, remedy.

### 1.1 Whether Defendant is Amenable to Process in Pakistan

Plaintiffs assert that Pakistan is not an "available forum," but never argue that Defendant can't be served or sued there. (Plaintiffs' Opposition to Defendant's Motion ("Opp'n") at 4:21–22.) Defendant—a Pakistani air carrier regulated by the CAA—is subject to the jurisdiction of the Pakistani civil courts for claims arising from the accident. (Zahid Decl. ¶¶ 47–52.) Defendant has also agreed to submit to the jurisdiction of Pakistani courts. *See Carijano,* 643 F.3d at 1225 (The district court "correctly determined that defendant's voluntary submission to service of process suffices to meet the first requirements for establishing an adequate alternative forum." (internal citations omitted)).

### 1.2 Whether Pakistan Offers a Satisfactory Remedy

"Dismissal on grounds of *forum non conveniens* may be granted even though the law applicable in the alternative forum is less favorable to the plaintiff's chance of recovery." *Piper Aircraft,* 454 U.S. at 250, 102 S.Ct. 252. Only if "the remedy provided ... is so clearly

inadequate or unsatisfactory that it is no remedy at all" would the alternative forum be considered inadequate. *Id.* at 254 n. 22, 102 S.Ct. 252; *see also Lueck,* 236 F.3d at 1144 ("The effect of *Piper Aircraft* is that a foreign forum will be deemed adequate unless it offers no practical remedy for plaintiff's complained of wrong.").

Plaintiffs argue that Pakistan is an inadequate forum because of (1) systemic corruption in its judicial system and potential bias against Plaintiff Harp; (2) lengthy delays in reaching trial; (3) obstacles to discovery; and (4) prohibitively high costs of obtaining local counsel. Plaintiffs also argue that Pakistan is inadequate because it is so dangerous that Plaintiff Harp and his witnesses cannot, and will not, travel there. The Court examines these arguments in turn.

### 1.2.1 Systemic Corruption and Bias in the Pakistani Judicial System

■ Plaintiffs claim that rampant corruption in Pakistan's judicial system renders it an inadequate forum. (Opp'n at 5:8–9.) "To demonstrate that a foreign nation is an inadequate forum due to corruption, a party must make a 'powerful showing' that includes specific evidence." *Carijano,* 643 F.3d at 1226 (citing *Tuazon v. R.J. Reynolds Tobacco Co.,* 433 F.3d 1163, 1179–80 (9th Cir.2006) (noting that the court was aware of only two federal court cases holding alternative forums to be inadequate because of corruption)).

To support its claim, Plaintiffs cite human rights reports from non-governmental organizations, U.S. State Department reports, and Pakistani newspaper articles, among other things. (Opp'n at 5:4–24.) But most of the information Plaintiffs cite is generalized, anecdotal, or simply irrelevant. *See Stroitelstvo Bulgaria Ltd. v. Bulgarian–Am. Ent. Fund,* 589 F.3d 417, 421 (7th Cir.2009) (holding that "generalized, anecdotal complaints of corruption"

may not be enough for a federal court to a nation's legal system so corrupt that it cannot serve as an adequate forum). For example, Plaintiffs cite Transparency International, which ranks Pakistan alongside Sierra Leone, Zimbabwe, Syria, Vietnam, Haiti, and Iran on its "Corruption Perceptions Index." While Pakistan may have earned its place among this select group of nations, the Corruption Perceptions Index does not deal specifically with judicial corruption. Similarly, the other sources Plaintiffs cite do not adequately demonstrate that the corruption in Pakistan's judicial system may prevent a just resolution of *this* case. Because Plaintiffs provide no evidence of corruption relevant to their specific claims, they fail to make the "powerful showing" necessary to support a finding that Pakistan is an inadequate legal forum. *Tuazon,* 433 F.3d at 1179–80.

Plaintiff Harp also claims to be "very distrustful of the Pakistani legal system and its *possible* bias against [Harp] both as a U.S. citizen and an African–American." (Harp. Decl. ¶ 7 (emphasis added).) But again, Plaintiffs provide no evidence to support their claim that systemic bias against Americans in general, or African–Americans in particular, is pervasive in Pakistan's judicial system. Nor do they explain how Harp's nationality or ethnicity will prevent him from recovering damages proportional to those recovered by the four foreign Plaintiffs or anyone else killed in the crash.

### 1.2.2 Lengthy Delays in Reaching Trial

Plaintiffs next argue that anticipated delays in reaching trial render Pakistan's overburdened court system inadequate. (Opp'n at 6:16–7:5.) Plaintiffs estimate that resolution of their claims in Pakistan's civil courts may take upwards of ten years. *Cf. Bhatnagar v. Surrendra Overseas,* 52

F.3d 1220 (3rd Cir.1995) (holding that India was an inadequate forum because it would likely take the Indian judicial system 25 years to resolve the matter at issue). Defendant argues that this case will be resolved more quickly because Pakistan has appointed a commissioner for taking evidence. Defendant also contends that Plaintiff's timeline fails to account for cooperation among the parties.

As with its argument concerning corruption and bias, Plaintiffs do not provide specific evidence that this particular case, or mass tort cases of this sort, are subject to unreasonably long delays. Plaintiffs focus on the general backlog of cases throughout the Pakistani legal system, largely citing statistics from unidentified civil courts.

This case resulted in the deaths of nearly 150 Pakistanis and it garnered such widespread media attention that the Pakistani Government appointed a commissioner to expedite proceedings. In short, this case is unlikely to get lost in the shuffle. The long pre-trial delays affecting many Pakistani judicial proceedings do not render Pakistan an inadequate forum for resolution of this particular case.

### 1.2.3 Obstacles to Discovery

Plaintiffs also argue that Pakistan's discovery rules render it an inadequate alternative forum. (Opp'n at 7:6–19.) According to Plaintiffs, written discovery in Pakistan, including interrogatories and requests to produce documents, must by expressly authorized by the court. (Malik Decl. ¶¶ 13, 14.) Plaintiffs further claim that pre-trial depositions are forbidden under the limited scope of discovery allowed in Pakistani courts. (*Id.* ¶ 15.)

■ Differences in discovery procedures do not provide a sufficient basis for finding an alternative forum to be inadequate. *See, e.g., In re Air Crash Over the*

*Taiwan Straits on May 25, 2002,* 331 F.Supp.2d 1176, 1187 (C.D.Cal.2004) (quoting *Satz v. McDonnell Douglas Corp.,* 244 F.3d 1279, 1283 (11th Cir.2001) ("lack of discovery in Argentine courts ... do[es] not render Argentina an inadequate forum" (internal citations omitted))); *see also Pavlov v. Bank of New York Co., Inc.,* 135 F.Supp.2d 426, 434–35 (S.D.N.Y.2001) (holding that the "unavailability of pretrial discovery ... does not render the forum inadequate.") Indeed, if a forum were considered inadequate merely because it did not provide discovery procedures available in U.S. federal courts, few foreign forums would be adequate. *Potomac Capital Inv. Corp. v. Koninklijke Luchtvaapt Maatschapplj N.V.,* 1998 WL 92416, at *5 (S.D.N.Y. Mar. 4, 1998).

Here, Plaintiffs have presented evidence showing only that Pakistani discovery differs from U.S. discovery, not that such discovery procedures are so deficient that they render Pakistan an inadequate forum.

### 1.2.4 Prohibitive Costs of Hiring Local Counsel

Plaintiffs argue that Pakistan is an inadequate forum because hiring Pakistani counsel would be prohibitively expensive for Plaintiff Harp. (Opp'n at 8:3–9.) According to Plaintiffs, Pakistani attorneys are not permitted to enter into contingency fee arrangements. Thus, Plaintiff Harp would have to pay local counsel an estimated up-front fee of $150,000—a fee he is unable to afford. (Opp'n at 8:5–7; Harp Decl. ¶ 8.) Plaintiffs do not claim that the other four Plaintiffs are unable to afford Pakistani counsel.

■ The unavailability of contingency fees in Pakistan does not render it an inadequate forum. *See, e.g., In re Air Crash Over the Taiwan Straits,* 331 F.Supp.2d at 1187 (citing *Magnin v. Teledyne Continental Motors,* 91 F.3d 1424,

1430 (11th Cir.1996) ("[A]s cherished as contingency fee arrangements have become to some plaintiffs and their attorneys," they are not given "substantial weight in *forum non conveniens* analysis.")). Indeed, if the unavailability of contingency fee arrangements were determinative, many otherwise suitable forums would be considered inadequate. *In re Air Crash Over the Taiwan Straits*, 331 F.Supp.2d at 1187 (citing *Coakes v. Arabian Am. Oil Co.*, 831 F.2d 572, 576 (5th Cir.1987)). And even if the Court were to accept Plaintiff's fee estimate, inability to afford legal representation does not render an alternative forum inadequate. See, e.g., *In re Air Crash Over the Taiwan Straits*, 331 F.Supp.2d at 1189 (holding that a plaintiff's inability to pay legal fees does not bear on the adequacy of an alternative forum).

### 1.2.5 Danger to Plaintiff Harp and His Witnesses

Plaintiff Harp claims that he is "extremely fearful of traveling to Pakistan given the reports of terrorism, kidnapping, and murders directed against American citizens." Consequently, Plaintiff Harp claims that he "would not expose [him]self" or ask his witnesses to "expose themselves to the risks and dangers of traveling to Pakistan to litigate this case against Airblue." To substantiate these concerns, Plaintiffs cite U.S. State Department "Travel Advisory Reports" warning U.S. citizens against traveling to Pakistan. (Opp'n at 2: 4–17.) Plaintiffs also cite a number of cases where danger to a plaintiff rendered a forum unavailable. See, e.g., *Menendez Rodriguez v. Pan Am. Life Insurance Co.*, 311 F.2d 429 (5th Cir.1962) (holding that Fidel Castro's Cuba was an inadequate alternative forum for a Cuban refugee); *Rollins v. Dreams Dive Co.*, 2011 WL 1299688 (D.Haw.2011) (holding Fiji to be an inadequate forum after a

military-backed regime abrogated Fiji's Constitution and removed all members of the judiciary from office); *Rasoulzadeh v. Associated Press*, 574 F.Supp. 854 (S.D.N.Y.1983) (holding that the Ayatollah Khomeini's Iran was an inadequate alternative forum for an Iranian refugee); *Cabiri v. Assasie–Gyimah*, 921 F.Supp. 1189 (S.D.N.Y.1996) (holding that Ghana was an inadequate alternative forum for a former Ghanian Trade Counselor suing a Ghanian security official for alleged torture); *HSBC USA, Inc. v. Prosegur Paraguay, SA*, 2004 WL 2210283 (S.D.N.Y. Sept. 30, 2004) (holding that Paraguay was an inadequate alternative forum because the Paraguayan Government was implicated in the alleged wrongdoing and individuals investigating the case had been murdered).

Plaintiff Harp's situation is very different from the cases he cites. He is not a political refugee and is not bringing politically charged claims against the Pakistani officials. Nor has he provided any evidence of specific danger to him or his witnesses. Although some of Plaintiff Harp's concerns may be justified, his fear alone does not make litigation in Pakistan unreasonable. *Radian Intern., LLC v. Alpina Ins. Co.*, 2005 WL 1656884 (N.D.Cal. July 14, 2005) (rejecting plaintiff's arguments that Lebanon was an inadequate forum because of safety concerns based on U.S. State Department Travel Warnings).

## 2. BALANCING PRIVATE AND PUBLIC INTERESTS

■ "There is ordinarily a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum." *Piper Aircraft*, 454 U.S. at 255, 102 S.Ct. 252. When a U.S. citizen or resident chooses to litigate in its home forum, that choice is presumed to be con-

venient. *Carijano*, 643 F.3d at 1227 (citing *Piper Aircraft*, 454 U.S. at 255, 102 S.Ct. 252). A foreign plaintiff's choice of forum is given less deference. *Id.*

■ But "[a] citizen's forum choice should not be given dispositive weight." *Piper Aircraft*, 454 U.S. at 252, 102 S.Ct. 252. Although citizens deserve more deference than foreign plaintiffs, dismissal should not be automatically barred when a plaintiff, like Plaintiff Harp, has filed suit in his home forum. *Id.* "[I]f the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper." *Id.* With this standard in mind, the Court now balances the private and public interests at stake in this case.

### 2.1 Private Interests

■ The private interest factors a court may consider include: (1) the residence of the parties and the forum's convenience to the litigants; (2) access to physical evidence, witnesses, and other sources of proof; (3) whether unwilling witnesses can be compelled to testify; (4) the cost of bringing witnesses to trial; (5) the enforceability of the judgment; and (6) all other factors that make trial of a case easy, expeditious, and inexpensive. *Lueck*, 236 F.3d at 1137 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)); *see also Piper Aircraft*, 454 U.S. at 241 n. 6, 102 S.Ct. 252.

### 2.1.1 Residence of the Parties and the Forum's Convenience to the Litigants

The first private interest factor is the residence of the parties and the forum's convenience to the litigants. *Piper Aircraft*, 454 U.S. at 241 n. 6, 102 S.Ct. 252; *see also Lueck*, 236 F.3d at 1137. As noted, four of the five Plaintiffs are foreign citizens residing abroad, probably in Pakistan. Defendant is a Pakistani airline with its principal place of business in Islamabad. (Abbasi Decl. ¶¶ 3, 5.) Only Plaintiff Harp, and Decedent Ahmed, are alleged to be U.S. citizens.

Because Defendant and four of the five Plaintiffs reside in Pakistan, this factor favors dismissal.

### 2.1.2 Access to Physical Evidence and Other Sources of Proof

Another private interest factor is the relative ease of access to sources of proof. *Piper Aircraft*, 454 U.S. at 241 n. 6, 102 S.Ct. 252; *see also Lueck*, 236 F.3d at 1137. In evaluating this factor, the Court should focus not on "the number of witnesses or quantity of evidence in each locale," but rather on the "materiality and importance of the anticipated evidence and witnesses' testimony ... [and] their accessibility and convenience to the forum." *Lueck*, 236 F.3d at 1146 (internal citations omitted).

Defendant argues that evidence relevant to liability is located primarily, if not exclusively, in Pakistan. (Motion at 14:3–19:13.) Instead of disputing this point, Plaintiff argues that evidence related to Defendant's liability is largely irrelevant because Pakistan's Carriage by Air Act—which Defendant contends governs this action—imposes a strict liability regime for aviation accidents. (Opp'n at 12:11–16.) This argument fails, in part, because Plaintiffs' Complaint alleges claims for *negligence*, not strict liability. (Complaint ¶ 5.) Thus, Defendant would require evidence and witnesses located in Pakistan to defend itself against Plaintiffs' claims in U.S. federal court. *See Sinochem Int'l Co. Ltd. v. Malay Int'l Shipping Corp.*, 549 U.S. 422, 432, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007) (The Court must consider not only evidence that "bear[s] on plaintiff's claim," but also evi-

dence that bear "on defense[s] to that claim." (internal citations omitted)).

Plaintiff Harp argues that its damages evidence is located exclusively within the United States. Plaintiff Harp specifically identifies 21 family members, friends, and neighbors residing in Alabama, Georgia, Louisiana, and Ohio who will testify as to the closeness of Plaintiff Harp's relationship with his late mother. But Plaintiffs' Opposition say nothing about the location of evidence and witnesses relevant to damages claimed by the four foreign Plaintiffs. Such evidence is likely located in Pakistan.

In aviation accident cases, this private interest factor almost uniformly favors the forum where the accident occurred. *See, e.g., See Carijano*, 643 F.3d at 1225 (granting *forum non conveniens* dismissal to New Zealand because "numerous witnesses and evidence ... are located in New Zealand, including the aircraft wreckage, the flight crew, crash investigators, Plaintiffs, Plaintiffs' doctors and employers, airline and aircraft records, investigation records, and records regarding the qualifications of the flight crew and their employment."); *see also Gambra v. Int'l Lease Fin. Corp.*, 377 F.Supp.2d 810, 820 (C.D.Cal.2005) ("Given that a large volume of relevant evidence is either located in France now or can be made available there by agreement, while much of the evidence located in France would be difficult, if not impossible, to obtain in California, the Court finds that his fact favors dismissal.")

Here, all of the physical evidence and other sources of proof related to the plane crash are located in Pakistan. Further, Pakistan is the most accessible and convenient forum for all damages witnesses and most liability witnesses. *See Piper Aircraft*, 454 U.S. at 241, n. 6, 102 S.Ct. 252.

This factor favors dismissal.

### 2.1.3 Availability of Compulsory Process for the Attendance of Unwilling Witnesses

As noted, far more witnesses reside in Pakistan than in the United States. These witnesses may include Pakistani air traffic controllers, CAA representatives, emergency responders, and individuals with information relevant to the computation of damages owed to Pakistani citizens killed in the crash. Plaintiffs do not argue that these non-party witnesses are subject to the compulsory processes of this Court. *See, e.g., Magnin v. Teledyne Continental Motors*, 91 F.3d 1424, 1430 (11th Cir.1996) (noting that France is the superior forum, in part, because of the unavailability of compulsory process to secure attendance of French witnesses in a U.S. court). By contrast, it appears that most witnesses are subject to compulsory process in Pakistan. (Zahid Decl. ¶ 56.)

This factor favors dismissal.

### 2.1.4 Cost of Bringing Witnesses to Trial

The costs of bringing willing witnesses from Pakistan to the United States will be substantial. Plaintiffs argue that "Defendant, an air carrier, can easily transport its own documents and witnesses to the United States for trial." (Opp'n at 13:16–18.) But Defendant's ability to transport passengers at cost is irrelevant because Defendant does not fly to the United States. While the cost of bringing Plaintiff Harp's damages witnesses to Pakistan will not be insignificant, the cost of transporting Pakistani witnesses to the United States would certainly be greater.

This factor favors dismissal.

### 2.1.5 Enforceability of the Judgment

Another private interest factor is the "enforceability of the judgment...." *Lueck*, 236 F.3d at 1145 (citing *Gulf Oil*, 330 U.S. at 508, 67 S.Ct. 839). The en-

forceability of a judgment in a foreign forum cannot *favor* litigation there because U.S. judgments are presumed enforceable. In this case, Defendant has agreed "to pay any final, post-appeal judgment awarded against it by a Pakistani court subsequent to this Court's *forum non conveniens* dismissal." (Motion at 17:14–18.) Based on this commitment, and because Plaintiffs do not claim that they will be unable to enforce a judgment issued by a Pakistani court, the Court finds this factor to be neutral. *See Van Schijndel v. Boeing Co.,* 434 F.Supp.2d 766, 779 (C.D.Cal.2006).

### 2.3 Public Interest Factors

■ The public interest factors include: (1) the local interest of the lawsuit; (2) the court's familiarity with governing law; and (3) the burden and costs on local courts and juries. *Lueck,* 236 F.3d 1137 (citing *Piper Aircraft,* 454 U.S. at 259–61, 102 S.Ct. 252 (citing *Gulf Oil,* 330 U.S. at 508, 67 S.Ct. 839)). Defendant argue, and Plaintiffs do not dispute, that the public interest factors overwhelmingly favor dismissal on *forum non conveniens* grounds. The Court agrees.

#### 2.3.1 Pakistan's Interest in the Lawsuit

Pakistan's interest in this action is substantial. The accident occurred in Pakistan. Defendant is a Pakistani airline. One hundred forty-five Pakistani citizens died in the crash. The Pakistani military participated in emergency search and rescue efforts after the accident. Pakistan's Civil Aviation Authority is officially investigating the crash. Pakistani media has covered the accident extensively. (Abbasi Decl. ¶¶ 3–5, 7, 11, 24, 27.) Although two American citizens died in the accident, the United States' interest in the suit pales in comparison to Pakistan's.

#### 2.3.2 The Court's Familiarity with Pakistani Law

Under California's "governmental interest" choice-of-law test, Pakistani law would likely control many of the issues in this case. *See Vorbiev v. McDonnell Douglas Helicopters, Inc.,* 2009 WL 1765675, at *4 (N.D.Cal. June 18, 2009) (citing *Dole Food Co., Inc. v. Watts,* 303 F.3d 1104, 1119 (9th Cir.2002) (holding that in the event of a conflict between foreign law and California law, "the law of the sovereign with the greater interest in having its law applied controls")). The need to apply Pakistani law, and the Court's lack of familiarity with such law, favors dismissal on *forum non conveniens* grounds. *Piper Aircraft,* 454 U.S. at 260 n. 29, 102 S.Ct. 252; *see also Magnin,* 91 F.3d at 1430 ("Far better that the case be tried in France by one or more jurists as familiar with French law as we are unfamiliar with it.")

#### 2.3.3 The Burden and Costs on Local Courts and Juries

"The burden on local courts and juries unconnected to the case and the costs of resolving a dispute unrelated to the forum also favor dismissal." *Vivendi SA v. T-Mobile USA Inc.,* 586 F.3d 689, 696 (9th Cir.2009); *see also Gulf Oil,* 330 U.S. at 508, 67 S.Ct. 839 ("There is a local interest in having localized controversies decided at home"). The cost of this law suit should be borne by Pakistan, the forum with the greatest connection to and interest in this litigation.

### 3. CONCLUSION

Pakistan is an available and adequate alternative forum because Defendant is amenable to service of process in Pakistan and because Pakistan offers Plaintiffs a satisfactory remedy. Further, nearly all of the private factors and every public factor considered favors dismissal. Thus, the Court finds that dismissal on the

grounds of *forum non conveniens* is warranted.

## DISPOSITION

The Court GRANTS Defendant's Motion.

IT IS SO ORDERED.